Mark L. Smith (#213829)
 msmith@smithwashburn.com
Jacob L. Fonnesbeck (#304954)
 jfonnesbeck@smithwashburn.com
**SMITH WASHBURN, LLP**
500 South Grand Avenue, Suite 1450
Los Angeles, CA 90071
Telephone:  (213) 418-2390
Facsimile:   (213) 418-2399

*Attorneys for Reflex Media, Inc. and*
*Clover8 Investments PTE. LTD.*

## IN THE UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REFLEX MEDIA, INC., a Nevada corporation; and CLOVER8 INVESTMENTS PTE. LTD., a Singapore corporation, | Case No.: 3:20-cv-006393 |
| Plaintiffs, | **COMPLAINT FOR:** **(1)-(10) TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114(1) AND 1125(a);** **(11) CONTRIBUTORY TRADEMARK INFRINGEMENT;** |
| v. | **(12) VICARIOUS TRADEMARK INFRINGEMENT** |
| SUCCESSFULMATCH.COM, a California corporation; SUCCESSFUL MATCH CANADA, INC., a Canadian Corporation; QIANG DU, an individual; and DOES 1–10, inclusive, | **(13) UNFAIR COMPETITION UNDER 15 U.S.C. § 1125(a);** **(14) UNFAIR COMPETITION UNDER CAL. BUS. & PROF. CODE § 17200 ET. SEQ.** |
| Defendants. | **DEMAND FOR JURY TRIAL** |

Plaintiffs Reflex Media, Inc. ("***Reflex Media***") and Clover8 Investments Pte. Ltd. ("***Clover8,***" and together with Reflex Media, "***RMI***"), by and through their attorneys, Smith Washburn, LLP, hereby bring this Complaint against Defendants SuccessfulMatch.com, Successful Match Canada, Inc. (collectively the "***Successful Match Companies***"), Qiang Du (also sometimes going by "Jason Du," hereinafter, sometimes referred to as "***Du***") (the Successful Match Companies and Mr. Du are sometimes collectively referred to as the "***Successful Match Defendants***") and Doe No. 1–10, (collectively, and including Successful Match and Du, the "***Defendants***"), and allege as follows:

**PRELIMINARY STATEMENT**

1.     This is an action for infringement of RMI's federally-registered trademarks, including: SEEKING ARRANGEMENT, SEEKINGARRANGEMENT, SEEKINGARRANGEMENT.COM, SA, SEEKING.COM, SEEKING, MUTUALLY BENEFICIAL RELATIONSHIPS, MUTUALLY BENEFICIAL ARRANGEMENTS, RELATIONSHIP ON YOUR TERMS, and SEEKING MILLIONAIRE (collectively, these trademarks are sometimes collectively referred to as the "***Trademarks***" or the "***RMI Trademarks***").   This action is brought under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1) for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), for cyberpiracy under 15 U.S.C. § 1125(d), and for substantial and related claims of unfair competition and false designation of origin under Cal. Bus. & Prof. Code §§ 17200 *et seq*. The action is also brought due to contributory trademark infringement and vicarious trademark infringement in connection with the marketing, advertising, promotion, offering for sale, and/or sale of competing dating and matchmaking services (and other related services) on Successful Match Defendants' competing websites, <SugarDaddyMeet.com> and <MillionaireMatch.com> (<SugarDaddyMeet.com> and <MillionaireMatch.com> are sometimes referred to collectively as the "***Successful Match Websites***") and on websites that they control though their affiliate program (the "Successful Match Affiliate Program").

2.     RMI seeks injunctive and monetary relief.

**PARTIES**

3.     Plaintiff Reflex Media is, and at all material times hereto was, a corporation duly organized and existing under the laws of the State of Nevada, with its principal place of business in Las Vegas, Nevada. Among other things, Reflex Media operates (or has operated in the past) several online dating websites.[1]

---

[1]  RMI operates (or has operated) the following websites: <Seeking.com> <SeekingArrangement.com>, <SeekingMillionaire.com>, <WhatsYourPrice.com>, <OpenMinded.com>, <PairMeUp.com>, and <PerfectArrangement.com>.

4.      Plaintiff Clover8 is, and at all material times hereto was, a corporation duly organized and existing under the laws of Singapore. As indicated below, Clover8 is the registered owner of several federally registered trademarks that are used by RMI in conjunction with the operation of <Seeking.com> and <SeekingArrangement.com> and its related dating service (<Seeking.com> and <SeekingArrangement.com> are sometimes collectively referred to as "***Seeking Arrangement***"), and other dating websites.

5.      Defendant SuccessfulMatch.com is a California corporation, with its principal place of business located in Mountain View, California and is the co-owner and co-operator of the domain addresses and websites found at <www.SugarDaddyMeet.com> and <www.MillionaireMatch.com> and their related matchmaking and dating services, Sugar Daddy Meet and Millionaire Match. SuccessfulMatch.com also co-owns and co-operates its Successful Match Affiliate Program and exercises control over all sites under that program, including those mentioned in Table A. (*See* Infra, ¶ 82.)

6.      Defendant Successful Match Canada, Inc. is a Canadian corporation with its principal place of business located in Vaughan, Ontario Canada and is the co-owner and co-operator of the domain addresses and websites found at <www.SugarDaddyMeet.com> and <www.MillionaireMatch.com> and their related matchmaking and dating services. Successful Match Canada, Inc. also co-owns and co-operates its Successful Match Affiliate Program and exercises control over all sites under that program, including those mentioned in Table A.

7.      Defendant Qiang Du is the founder, President, Chief Executive Officer, and owner of the Successful Match Companies and the co-owner, co-operator, and creator of the domain addresses, websites, and provider of services found and promoted at <www.SugarDaddyMeet.com> and <www.MillionaireMatch.com>, and directed the Successful Match Companies, including its employees and/or agents, in their unlawful acts. On July 7, 2018, Mr. Du declared under oath that he resides in China, but on January 29, 2020 he filed a Statement of Information with the Secretary of State of California where he listed himself as the agent for service of process at a California address at 800 West El Camino Real, #180, Mountain

View, CA 94040.

8.     RMI does not presently know the true names and capacities of the defendants named herein as Does 1 through 10, inclusive. RMI will seek leave to amend this complaint to allege these defendants' true names and capacities as soon as they are ascertained. RMI is informed and believe, and on that basis alleges, that each of the fictitiously named defendants, Does 1 through 10, participated in, and are in some manner responsible for, the acts alleged in this complaint and the damages resulting therefrom.

9.     RMI is informed and believes that at all times referenced herein, each defendant was or is the agent, employee, partner, co-venturer, joint venture, successor-in-interest, alter ego, and/or co-conspirator of each and all of the other defendants, and was acting within the course and scope of said agency, employment, partnership, co-venture, joint venture, relationship and/or conspiracy. RMI is further informed and believes, and on that basis alleges, that each defendant acted in concert with, and with the consent of, each of the other defendants, and that each defendant ratified or agreed to accept the benefits of the conduct of each of the other defendants. RMI is further informed and believes, and on that basis alleges, that each defendant actively and knowingly participated in the furtherance of the wrongful acts alleged herein, directed the wrongful acts alleged herein, benefitted from the wrongful acts alleged herein, and/or used the entity-defendants in a willful and intentional manner to carry out the wrongful acts alleged herein.

## JURISDICTION AND VENUE

10.     This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1331, 1332(a), and 1338(a) and (b), and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367.

11.     This Court's exercise of personal jurisdiction over Successful Match Canada, Inc. and Defendant Du is proper because they collectively own, operate and/or created the Internet URLs <www.SugarDaddyMeet.com> and <www.MillionaireMatch.com> and are each the co-operator of the Successful Match Affiliate Program and exercise control over all sites under that

program, including those mentioned in Table A. The Successful Match Websites are highly interactive websites and can complete sales of credit card and check/debit card payments online using their servers. Both websites have many paid US members, including members in the state of California and within this judicial district. Both websites require their members and affiliates to submit to arbitration in San Francisco, California and both require each user to submit to the "substantive and choice of law provisions of the State of California." Not surprisingly, both <www.SugarDaddyMeet.com> and <www.MillionaireMatch.com> rely heavily on customers from the United States. According to Alexa.com (a website that offers website traffic analysis – and which is owned by an Amazon.com subsidiary), the United States tops the list of countries from which these websites obtain their internet traffic. Both websites also advertise heavily to the United States. For instance, when viewing MillionaireMatch.com's homepage from Los Angeles, the user sees the text "MEET MILLIONAIRES IN LOS ANGELES TODAY." And the same is true for SugarDaddyMeet.com, which states "Meet Sugar Daddies / Sugar Babies in Los Angeles TODAY and connect with hundreds of thousands of singles like you now!" SugarDaddyMeet.com even proudly proclaims "As a Silicon Valley firm, we have been in the sugar daddy dating business for over a decade!" and proclaims the same to affiliates on the webpage https://www.sugardaddymeet.com/affiliate/, stating: "As a Silicon Valley firm, we have been in the online dating business for over 13 years!" Additionally, the Google Play store description of SugarDaddyMeet's mobile application infringes upon RMI's SEEKING ARRANGEMENT trademark and simultaneously advertises directly to US consumers by stating: "[Sugar Daddy Meet] lets you get connected to hundreds of thousands of singles looking for exactly someone like you in New York, Los Angeles, Houston, Chicago, San Diego, Las Vegas, San Antonio, Phoenix, Philadelphia and other cities in US!" And several websites within the Successful Match Affiliate Program, which are controlled by the Successful Match Defendants, infringe upon one or more of RMI's trademarks while simultaneously advertising directly to consumers in the United States.

12.    Additionally, the Successful Match Defendants (except for Successful Match

Canada, which was not yet incorporated at the time of the press release) used a counterfeit of RMI's Seeking Arrangement trademark in a press release emanating from Los Angeles to promote a Spanish version of its website, which is still visible online today at https://www.24-7pressrelease.com/press-release/453086/sugardaddymeet-where-14-million-singles-seeking-arrangements-launches-a-new-version-in-spain. (*See infra* ¶ 69). And SugarDaddyMeet.com uses "Seeking Arrangement" in metadata keywords on its website.

13.     Therefore, through each website, Defendants engage in interactive and commercial conduct that involves soliciting and/or otherwise actively seeking to transact business with residents of the United States and California, including residents of this judicial district. Defendants derive material benefits from the State of California and this judicial district, or otherwise purposefully avail themselves of the privileges and protections of the laws of the State of California, such that traditional notions of fair play and due process are not offended by this Court's exercise of jurisdiction over them.

14.     Furthermore, Defendant SuccessfulMatch.com (the co-operator and co-owner of SugarDaddyMeet.com and MillionaireMatch.com) is a California Corporation with its headquarters located in California, therefore, in addition to specific jurisdiction, this Court may exercise general personal jurisdiction over SuccessfulMatch.com.

15.     In addition (and/or in the alternative), exercise of personal jurisdiction over Defendants Successful Match Canada, Inc. and Du is appropriate pursuant to Federal Civil Rule 4(k)(2). These Defendants (as shown above) have sufficient contacts with the United States to make the exercise of jurisdiction over them consistent with United States laws and the Constitution, and on information and belief, there is no court within the United States where the exercise of jurisdiction would be more appropriate than in the Northern District of California.

16.     Venue is proper in this district under 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this district.

////

////

# OVERVIEW

# FACTS

RMI AND ITS TRADEMARKS

17.     Plaintiff RMI operates several online dating websites. RMI's most famous website is <SeekingArrangement.com> which now directs all its internet traffic and customers to <Seeking.com>[2].

18.     The Seeking Arrangement website launched in 2006.

19.     Plaintiff Clover8 is the owner of valid and subsisting United States Trademark Registration No. 3377772 for the trademark SEEKING ARRANGEMENT for matchmaking services, social introduction agencies, and computer dating services, which has become incontestable within the meaning of Section 15 of the Lanham Act, 15 U.S.C. § 1065. Attached as **Exhibit 1** is a true and correct copy of the registration certificate for Clover8's United States Trademark Registration No. 3377772, which was issued by the United States Patent and Trademark Office on February 5, 2008 to InfoStream Group, Inc. and, as part of a corporate restructuring, was assigned to its successor-in-interest, Clover8, on March 5, 2015.

20.     Plaintiff Clover8 is the owner of valid and subsisting United States Trademark Registration No. 4537157 for the trademark SEEKING ARRANGEMENT for Internet based social networking, introduction, and dating services, matchmaking services, and social introduction agencies. Attached as **Exhibit 2** is a true and correct copy of the registration certificate for Clover8's United States Trademark Registration No. 4537157, which was issued by the United States Patent and Trademark Office on May 27, 2014 to InfoStream Group, Inc. and, as part of a corporate restructuring, was assigned to its successor-in-interest, Clover8, on March 5, 2015.

21.     RMI and its predecessor, InfoStream Group, Inc., have used the SEEKING ARRANGEMENT trademarks in commerce throughout the United States and world

---

[2] <Seeking.com> acts as the successor website to <SeekingArrangement.com>. For purposes of this complaint, Seeking.com and SeekingArrangement.com are the same.

continuously since at least 2006 in connection with the offering for sale, sale, marketing, advertising and promotion of its website, internet based social networking, introduction and dating services, matchmaking services, its social introduction agency, and computer dating services.

22.    Plaintiff Clover8 is the owner of valid and subsisting United States Trademark Registration No. 5778730 for the trademark SEEKINGARRANGEMENT for computer application software for use with mobile devices, namely, software for the purpose of accessing online dating services; downloadable software in the nature of a mobile application for internet-based dating; computer software to enable uploading, posting, displaying of images, moving images, film, video recordings, sound recordings, multimedia recordings, animations, and other digital content via global computer and communication networks; education services, namely, providing information about relationships, dating, finances, dating lifestyles, and financial lifestyles; education services, namely, the development, creation, production, and presentation of website content featuring information on topics related to relationships, dating, finances, dating lifestyles, and financial lifestyles, accessible via global computer networks; providing a website featuring blogs and non-downloadable publications in the nature of blog posts, videos, and commentary in the field(s) of beauty, fashion, health, travel, finances, advice, entertainment, as it relates to dating; education and entertainment services, namely, providing non-downloadable, online videos in the field of dating. Attached as **Exhibit 3** is a true and correct copy of the registration certificate for Clover8's United States Trademark Registration No. 5778730, which was issued by the United States Patent and Trademark Office on June 18, 2019.

23.    RMI has used the SEEKINGARRANGEMENT mark in commerce throughout the United States and world continuously since at least October 2015 in connection with the offering for sale, sale, marketing, advertising and promotion of its websites, and related services.

24.    Plaintiff Clover8 is the owner of valid and subsisting United States Trademark Registration No. 5778730 for the trademark SEEKINGARRANGEMENT.COM for computer dating services; Internet based social networking, introduction, and dating services;

matchmaking services; and social introduction agencies. Attached as **Exhibit 4** is a true and correct copy of the registration certificate for Clover8's United States Trademark Registration No. 5357872, which was issued by the United States Patent and Trademark Office on December 19, 2017.

25.     RMI has used the SEEKINGARRANGEMENT.COM mark in commerce throughout the United States and world continuously since at least August 1, 2006 in connection with the offering for sale, sale, marketing, advertising and promotion of its websites, and related services.

26.     Plaintiff Clover8 is the owner of valid and subsisting United States Trademark Registration No. 5177902 for the trademark SA for computer dating services; dating services, namely, providing an on-line computer database featuring single people interested in meeting other single people; Internet-based dating, social introduction and social networking services; Internet based social networking, introduction, and dating services; matchmaking services; online social networking services accessible by means of downloadable mobile applications; online social networking services in the field of matchmaking through social events, social mixers and clubs; and web site services featuring on-line dating club. Attached as **Exhibit 5** is a true and correct copy of the registration certificate for Clover8's United States Trademark Registration No. 5177902, which was issued by the United States Patent and Trademark Office on April 4, 2017.

27.     RMI has used the SA mark in commerce throughout the United States and world continuously since at least September 15, 2016 in connection with the offering for sale, sale, marketing, advertising and promotion of its websites, and related services.

28.     Plaintiff Clover8 is the owner of valid and subsisting United States Trademark Registration No. 5580788 for the trademark SEEKING.COM for matchmaking services; social introduction agencies; Internet based social networking, introduction, and dating services. Attached as **Exhibit 6** is a true and correct copy of the registration certificate for Clover8's United States Trademark Registration No. 5580788, which was issued by the United States

Patent and Trademark Office on October 9, 2018.

29.    RMI has used the SEEKING.COM mark in commerce throughout the United States and world continuously since at least October 2, 2017 in connection with the offering for sale, sale, marketing, advertising and promotion of its websites, and related services.

30.    Plaintiff Clover8 is the owner of valid and subsisting United States Trademark Registration No. 4836358 for the trademark SEEKING for computer dating services; dating services, namely, providing an on-line computer database featuring single people interested in meeting other single people; Internet based social networking, introduction, and dating services; Internet-based dating, social introduction and social networking services; matchmaking services; online social networking services accessible by means of downloadable mobile applications; online social networking services in the field of matchmaking through social events, social mixers and clubs; and web site services featuring on-line dating club. Attached as **Exhibit 7** is a true and correct copy of the registration certificate for Clover8's United States Trademark Registration No. 4836358, which was issued by the United States Patent and Trademark Office on October 20, 2015.

31.    RMI has used the SEEKING mark in commerce throughout the United States and world continuously since at least March 10, 2015 in connection with the offering for sale, sale, marketing, advertising and promotion of its websites, and related services.

32.    Plaintiff Clover8 is the owner of valid and subsisting United States Trademark Registration No. 5580039 for the trademark SEEKING for downloadable mobile applications for internet-based dating and matchmaking; downloadable mobile applications for social media, namely, for uploading and sharing electronic files, messages, and profiles with others; downloadable mobile applications for accessing online social networking services. Attached as **Exhibit 8** is a true and correct copy of the registration certificate for Clover8's United States Trademark Registration No. 5580039, which was issued by the United States Patent and Trademark Office on October 9, 2018.

33.    RMI has used the SEEKING mark in commerce throughout the United States and

world continuously since at least October 19, 2017 in connection with the offering for sale, sale, marketing, advertising and promotion of its websites, and related services (including its mobile application).

34.     Plaintiff Clover8 is the owner of valid and subsisting United States Trademark Registration No. 3767229 for the trademark SEEKING MILLIONAIRE for computer dating services; matchmaking services; and social introduction agencies. The SEEKING MILLIONAIRE trademark has become incontestable within the meaning of Section 15 of the Lanham Act, 15 U.S.C. § 1065. Attached as **Exhibit 9** is a true and correct copy of the registration certificate for Clover8's United States Trademark Registration No. 3767229, which was issued by the United States Patent and Trademark Office on March 30, 2010 to InfoStream Group, Inc. and, as part of a corporate restructuring, was assigned to its successor-in-interest, Clover8, on March 5, 2015.

35.     RMI and its predecessor, InfoStream Group, Inc., have used the SEEKING MILLIONAIRE mark in commerce throughout the United States and world continuously since at least January 2007 in connection with the offering for sale, sale, marketing, advertising and promotion of its websites, and related services.

36.     Plaintiff Clover8 is the owner of valid and subsisting United States Trademark Registration No. 3736566 for the trademark MUTUALLY BENEFICIAL RELATIONSHIPS for dating services, Internet based social networking, introduction, and dating services. The MUTUALLY BENEFICIAL RELATIONSHIPS trademark has become incontestable within the meaning of Section 15 of the Lanham Act, 15 U.S.C. § 1065. Attached as **Exhibit 10** is a true and correct copy of the registration certificate for Clover8's United States Trademark Registration No. 3736566, which was issued by the United States Patent and Trademark Office on January 12, 2010 to InfoStream Group, Inc. and, as part of a corporate restructuring, was assigned to its successor-in-interest, Clover8, on March 5, 2015.

37.     RMI and its predecessor, InfoStream Group, Inc., have used the MUTUALLY BENEFICIAL RELATIONSHIPS mark in commerce throughout the United States and world

continuously since at least August 2006 in connection with the offering for sale, sale, marketing, advertising and promotion of its websites, and related services.

38.     Plaintiff Clover8 is the owner of valid and subsisting United States Trademark Registration No. 4851998 for the trademark RELATIONSHIP ON YOUR TERMS for computer dating services; matchmaking services; and social introduction agencies. Attached as **Exhibit 11** is a true and correct copy of the registration certificate for Clover8's United States Trademark Registration No. 4851998, which was issued by the United States Patent and Trademark Office on November 10, 2015.

39.     RMI has used the RELATIONSHIP ON YOUR TERMS mark in commerce throughout the United States and world continuously since at least July 1, 2014 in connection with the offering for sale, sale, marketing, advertising and promotion of its websites, and related services.

40.     Plaintiff Clover8 is the owner of valid and subsisting United States Trademark Registration No. 5580870 for the trademark MUTUALLY BENEFICIAL ARRANGEMENTS for computer dating services; dating services; internet-based dating, social introduction and social networking services. Attached as **Exhibit 12** is a true and correct copy of the registration certificate for Clover8's United States Trademark Registration No. 5580870, which was issued by the United States Patent and Trademark Office on October 9, 2018.

41.     RMI has used the MUTUALLY BENEFICIAL ARRANGEMENTS mark in commerce throughout the United States and world continuously since at least April 18, 2006 in connection with the offering for sale, sale, marketing, advertising and promotion of its websites, and related services.

42.     As a result of its widespread, continuous, and exclusive use of the Trademarks to identify RMI's websites, including, but not limited to: <Seeking.com> and <SeekingArrangement.com> and the related services offered by RMI and the identification of RMI as their source, RMI owns valid and subsisting federal statutory and common law rights to the Trademarks.

43.     The RMI Trademarks are distinctive to both the consuming public and RMI's trade.

44.     RMI has expended substantial time, money, and resources marketing, advertising, and promoting its dating websites, including Seeking Arrangement and related services sold under the Trademarks. Indeed, RMI and its predecessor have used the Trademarks in radio, print and online advertisements, including through social media. In addition, RMI uses the Trademarks as keywords on Internet search engines as part of its search engine optimization strategy.

45.     Clover8, through its exclusive licensee, RMI, provides and sells the services under the Trademarks primarily through the Internet.

46.     Under the Trademarks, RMI has attracted many members to its websites and related services.

47.     RMI offers and sells its dating services under its trademarks to adults looking for relationships.

48.     The website and related services that RMI offers under the Trademarks are of high quality, leading to several successful relationships, positive user reviews, and new and continuing customers.

49.     As a result of Plaintiff's expenditures and efforts, the RMI Trademarks have come to signify the high quality of the services designated by the Trademarks, and have acquired incalculable distinction, reputation, and goodwill belonging exclusively to RMI.

50.     RMI's Trademarks and the websites and related services offered thereunder have received significant unsolicited coverage in various media outlets, including, but not limited to: *Time, Forbes, The Atlantic, ABC News, CNN, MSNBC, the San Francisco Chronicle,* and *Fox News Channel*.

(a)     **DEFENDANTS' UNLAWFUL ACTIVITIES USING RMI'S TRADEMARKS**

51.     Without RMI's authorization and beginning after RMI acquired protectable

exclusive rights in its Trademarks, Defendants adopted and began using counterfeit marks identical to RMI's Trademarks (hereinafter, the "***Infringing Marks***") in United States commerce.

52.     The Infringing Marks adopted and used by Defendants are identical, and in some cases, nearly identical, to RMI's Trademarks.

53.     The dating website and services which Defendants have provided, marketed, advertised, promoted, offered for sale, and sold under the Infringing Marks are in direct competition with RMI's dating websites and services.

54.     Defendants have provided, marketed, advertised, promoted, offered for sale, and sold their dating website and related services using the Infringing Marks primarily through the Internet (including though mobile applications), the same marketing channel used by RMI to promote its own dating website and services.

55.     Defendants offer and sell their dating website and services using the Infringing Marks to adults looking for relationships.

56.     Defendants' websites <SugarDaddyMeet.com> and <MillionaireMatch.com>, and their associated dating services that Defendants offer using the Infringing Marks, are of substantially inferior quality to RMI's dating websites and associated services, including its Seeking Arrangement website.

57.     Defendants are engaged in an illegal scheme designed to confuse consumers through false advertisements and deceptive trade practices using RMI's protected trademarks on its websites, social media accounts, and through websites that the Successful Match Defendants control through the Successful Match Affiliate Program. The Successful Match Defendants operate the Internet URLs <www.SugarDaddyMeet.com>, <MilionaireMatch.com>, and the associated website and business that offers online dating and matchmaking services.

58.     As explained further below, the Successful Match Defendants also operate the Successful Match Affiliate Program, and some known affiliate websites which are part of that program are listed in Table A. All of the websites in Table A infringe, and many times

cybersquat, on one or more of RMI's Trademarks. RMI does not believe that Table A is an exhaustive list, or that Table A captures all of the websites that exist or have existed which infringe and/or cybersquat RMI's Trademarks and redirect consumers to <www.SugarDaddyMeet.com> and <MilionaireMatch.com> (or other websites owned and operated by the Successful Match Companies and/or Mr. Du).

59. Without judicial intervention, websites like those in Table A and further trademark infringement will continue to exist and proliferate and cause damage to RMI.

### (1) Infringement on SugarDaddyMeet.com, Google Advertisements, Social Media, and in a Press Release by SuccessfulMatch.com

60. The Successful Match Defendants use one or more Infringing Marks within metadata keywords on their website, <www.SugarDaddyMeet.com>, social media webpages, and on other Internet advertisements to promote their competing business. Attached as **Exhibit 13** is a true and correct copy of representative metadata from the Successful Match Defendants' website, <wwwSugarDaddyMeet.com> (Exhibit 13 at p. 1:7, showing meta name keyword use of Seeking Arrangement). Attached as **Exhibit 14** is a true and correct copy of metadata from the webpage view-source: https://www.sugardaddymeet.com/out/other/instagram.html showing a link to SugarDaddyMeet's official Instagram page, https://www.instagram.com/seekingsweetlovers/. Attached as **Exhibit 15** are true and correct copies of examples of SugarDaddyMeet.com's official Instagram page and posts. And attached as **Exhibit 16** are true and correct copies of Internet advertisements that appear within Google search results. In **Exhibits 13, 15 and 16**, the Successful Match Defendants used the Infringing Marks, including using counterfeits of RMI's SEEKING ARRANGEMENT, SEEKING, MUTUALLY BENEFICIAL RELATIONSHIPS, MUTUALLY BENEFICIAL ARRANGEMENTS, and SEEKING MILLIONAIRE marks in metadata keywords and in Instagram hashtags.[3]

---

[3] "A hashtag is a type of metadata tag used on social networks such as Twitter and other microblogging services, allowing users to apply dynamic, user-generated tagging which makes it

61.     Notably, the RMI's official Instagram account for Seeking.com used the hashtags containing the SEEKING trademark (#seeking #seekingarrangement #whatareyouseeking #seekingluxury #seekingonmyterms #seekingnotswiping, in that order,) on January 9, 2020 (**Exhibit 17**), and followed that post with many posts using those hashtags. On June 8, 2020, the Successful Match Defendants began to use the hashtags #seeking, #whatareyouseeking, #seekingluxury, and #seekingnotswiping, in that order, on a post on its official Instagram page for SugarDaddyMeet.com (**Exhibit 15**). Additionally, the SugarDaddyMeet official Instagram account also contains "Mutually Beneficial Relationships" on its frontpage and other posts have used the SEEKING MILLIONAIRE trademark (**Exhibit 15**).

62.     In a related case, REFLEX MEDIA, Inc. et al., v. SUCCESSFULMATCH.COM, et al., No. 2:18-cv-00259-GMN-AGY, Defendants Du and SuccessfulMatch.com were dismissed for lack of jurisdiction. Following this dismissal, these Defendants edited their SugarDaddyMeet.com homepage to remove the term "mutually beneficial relationship" and replaced it with the term "Seeking Secret Mutual Benefits."

63.     Defendants still use the term "mutually beneficial relationships" on other pages on the SugarDaddyMeeet.com website as well as on their other websites.

64.     The use of the phrase "Seeking Secret Mutual Benefits" is a strategic combination of registered trademarks of Defendants' competitors, namely, RMI's SEEKING ARRANGEMENT and MUTUALLY BENEFICIAL RELATIONSHIPS marks, and OBOLEO LTD's SECRET BENEFITS mark.[4]

65.     As used on the SugarDaddyMeet.com website, each word in the phrase "Seeking

_____

possible for others to easily find messages with a specific theme or content. Searching for that hashtag will yield each message that has been tagged with it." *Align Tech., Inc. v. Strauss Diamond Instruments, Inc.*, No. 18-CV-06663-TSH, 2019 WL 1586776, at *7 (N.D. Cal. Apr. 12, 2019) (quoting https://en.wikipedia.org/wiki/Hashtag) (internal citations and quotation marks omitted).
[4] The mark "SECRET BENEFITS" is a registered trademark of OBOLEO LTD, believed to be the owner and operator of the website SecretBenefits.com. SecertBenefits.com is a competitor of RMI and the Successful Match Defendants.

Secret Mutual Benefits" is capitalized, and these are the only letters capitalized in the sentence.

66.     Defendants' actions indicate that Defendants' conduct is willful and intentional.

67.     Defendants knowingly combined these marks after they became aware that RMI was seeking redress for Defendants' violation of RMI's MUTUALLY BENEFICIAL RELATIONSHIPS mark.

68.     Nevertheless, Defendants continue to use RMI's MUTUALLY BENEFICIAL RELATIONSHIP mark on other pages of the SugarDaddyMeet.com site as well as on their other and affiliate websites.

And as alleged previously (see paragraph 12, *supra*) the Successful Match Defendants also use an Infringing Mark (a counterfeit of RMI's Seeking Arrangement trademark) in a press release emanating from Los Angeles to promote a Spanish version of its website, which is still visible online today at https://www.24-7pressrelease.com/press-release/453086/sugardaddymeet-where-14-million-singles-seeking-arrangements-launches-a-new-version-in-spain. Attached as **Exhibit 18** is a true and correct copy of the Successful Match Defendants' press release.

### (2)     Infringement on Websites in the Successful Match Affiliate Program

69.     In addition to their use of Google advertisements using RMI's trademarks to drive additional internet traffic to the Successful Match Websites, Defendants use the Successful Match Affiliate Program.

70.     The Successful Match Defendants exercise nearly total control over the websites used in the Successful Match Affiliate Program. To sign up for the program, a potential affiliate must first register a domain name. The potential affiliates are even advised to consult with a Successful Match account manager to help them choose and register a domain name that "sound[s] like sugar daddy or related dating." The affiliate then submits the domain name to the Successful Match Defendants for approval through one of the Successful Match Defendants' websites to be used in the Successful Match Affiliate Program. The Successful Match Defendants themselves populate the domain with webpage content (including webpage text,

metadata, and images), or supply the affiliate with tools, such as templates, to allow the affiliate to populate the website with webpage content (and the Successful Match Defendants must approve this content). In both scenarios, the Successful Match Defendants maintain control over the websites within the Successful Match Affiliate Program and supply and/or modify content on the websites at their discretion. Once the website is complete, if an affiliate wishes to modify content on the website located at the domain that they submitted, then the affiliate needs to contact the Successful Match Defendants to make modifications. Further, the Successful Match Defendants supply dating software, membership database, payment processing, website design hosting, customer support, and daily tracking of their affiliate's websites. Additionally, the Successful Match Affiliate Program offered "[l]egal counseling or defense for quality partners," and a PR specialist to help promote the affiliates' websites.

71.    These websites in the Successful Match Affiliate Program then act as a network of hundreds or thousands of "private label," "co-branded," "affiliate" or "sponsoring" websites that operate as a virtual funnel, where the websites have been created and exist to redirect Internet users to the Successful Match Websites.

72.    The theory behind the Successful Match Defendants' design is simple: the Successful Match Defendants and their agents (hereinafter, the **Successful Match Affiliates**) register domain names, and/or create websites using metadata and/or visible text that contains words or phrases that an Internet user may use when searching for adult dating services using an Internet search engine (*e.g.* Google) or when entering domain names in their web browser (*e.g.* Internet Explorer). The websites located at each of these domains re-route the user to the Successful Match Websites. Thus, the more domain names the Successful Match Defendants and their Successful Match Affiliates create, the more likely an Internet user will be ensnared in their cyber-net and exposed to the Successful Match Websites.

73.    Dianne Murray, defendant in a previou*s case (Reflex Media, Inc., et al. vs. SuccessfulMatch.com, et al.* Case No. 2:18-CV-00259), owned a website in, and participated in, SuccessfulMatch.com's Affiliate Program. As a person who participated in the program, Ms.

Murray shared specific details as to how the program operated. *See* Exhibit XX for Declaration of Dianne Elizabeth Murray. Ms. Murray described the program as follows:

    a.  Ms. Murray would acquire a domain name and submit it to the SuccessfulMatch.com Affiliate Program;

    b.  SuccesfulMatch.com controls all of the sites in its Affiliate Program, including the content, users, database, modifications, and revenue. The owner of the submitted domain name would exercise no control other than submitting the domain name to the SuccessfulMatch.com's Affiliate Program.

    c.  At the time she would submit a domain name to SuccessfulMatch.com, it would present her with a series of templates for the website that she would use to create and host the new site in the SuccessfulMatch.com Affiliate Program;

    d.  SuccesfulMatch.com would also supply the content for the website and would, from time to time, modify the content at their discretion;

    e.  The websites used in the Affiliate Program do not have their own database of users, but instead, merely act to redirect visitors to one of SuccessfulMatch.com's websites (e.g. www.sugardaddymeet.com or www.millionairmatch.com);

    f.  On a monthly basis, SuccessfulMatch.com would mail Ms. Murray a check – that to the best of her knowledge---represented a percentage of SuccessfulMatch.com's revenue received from customers that were (i) referred through one of her websites to a SuccessfulMatch.com website and (ii) subscribed as a member to one of the SuccessfulMatch.com websites;

    g.  Ms. Murray did not exercise any direct control over the content posted on any of the websites she owned that are part of the Affiliate

Program. Indeed, if she wanted to make any changes to the content of "her" websites she would have to send an email to SuccessfulMatch.com requesting those changes;

74.     By design, the Successful Match Defendants' business model preys particularly on naive consumers. For example, it is unlikely that a woman searching for a wealthy male partner would go in search of a beau at a gay nightclub. And yet, the Successful Match Defendants' sponsoring websites send users wishing to join <www.richwomenlookingformen.org> to the same place they send a user seeking to join <www.wealthygaychat.com>—both are sent to the Successful Match Defendants' website, <MillionaireMatch.com>.

75.     Not all domain names receive the same amount of Internet traffic, and Defendants know that using domain names that are the same as, or confusingly similar to, RMI's Trademarks and brand names will allow them to divert the highest possible number of customers to their websites and away from RMI's websites. For example, Defendants use <www.seekingarrangements.org>, <seekingarrangementchicago.com>, <seekingarrangementcomlogin.com>, <seekingarrangementofficialsite.com>, <seeking-arrangements.com>, <seekingarrangementusa.com>, and many more similarly named websites to redirect consumers to the Successful Match Defendants' <SugarDaddyMeet.com>.

76.     As can be seen from the websites listed in the previous paragraph, at least some of the Successful Match Affiliates hold themselves out as "Seeking Arrangement" or as a Seeking Arrangement login webpage.

77.     This is precisely the type of harm U.S. trademark law is designed to prevent. Therefore, Plaintiffs have been forced to bring this lawsuit to end Defendants' illegal operations and unethical business practices.

78.     The Successful Match Defendants are aware that Seeking Arrangement is a competitor of <SugarDaddyMeet.com> and <MillionaireMatch.com>. The Successful Match Defendants are also aware that <www.SugarDaddyMeet.com> and many websites in the

Successful Match Affiliate Program directly infringe upon RMI's trademark(s) because Mr. Du and SuccessfulMatch.com were named as defendants and served a prior complaint that was filed in United States District Court, District of Nevada (the "***Nevada Complaint***"). The Nevada Complaint named numerous infringing websites, including <SugarDaddyMeet.com> and infringing websites that funnel consumers to <SugarDaddyMeet.com> and/or <MillionaireMatch.com> and were told that "creation and operation of infringing websites is rapid and ongoing." In response, Mr. Du and SuccessfulMatch.com made a special appearance to challenge jurisdiction in that resulting Nevada litigation. As further explained in this Complaint, Mr. Du and the Successful Match Companies have taken little or no corrective measures to curtail their or their affiliates' illegal behavior, as several of the named infringing websites in the Nevada Complaint are still in operation and still infringing upon one or more of Reflex's Trademarks and many more appear to have been created or continue to exist within the Successful Match Affiliate Program.

79.    For example, the website located at the URL seeking-arrangement-com.com, which was alleged to have infringed upon Reflex's SEEKING ARRANGEMENT Trademark in the Nevada Complaint, is still in operation and directs users to a signup webpage for SugarDaddyMeet.com, located at: http://www.sugardaddymeet.com/guest?tid=ardad. See Exhibit Insert. The text "ardad," in the webpage URL here is likely the user ID of a Successful Match Affiliate Program participant that operates seeking-arrangement-com.com, which allows the Successful Match Defendants to track users referred to SugarDaddyMeet.com from seeking-arrangement-com.com and pay "bounties" to "ardad" for signups she (or he) generates from her infringing website seeking-arrangement-com.com.

80.    To demonstrate just how blatant the infringement is on many of the Successful Match Affiliates' websites, as an example, Seeking-arrangement-com.com does not just infringe upon Seeking Arrangement in its URL, it also uses the term at least eight times visibly on its homepage. Further, the website uses SeekingArrangement.com, a registered trademark and website owned by Reflex, visibly on the front webpage four times, once proudly stating

Case 3:20-cv-06393-JSC   Document 1   Filed 09/11/20   Page 22 of 51

"Welcome to SeekingArrangement.com" and directing visitors of the website to

"SeekingArrangement.com Login" which then sends its users to a webpage that directs them to

the previously mentioned URL http://www.sugardaddymeet.com/guest?tid=ardad. Furthermore,

it uses the RMI "SeekingArrangement" mark twice, and even puts a copyright notice at the

bottom of the webpage, stating "©Copyright © 2020 SeekingArrangement.com. All rights

reserved." The "SeekingArrangement.com" phrase following the copyright symbol also contains

a hyperlink that does not take it to the actual SeekingArragment.com site, but instead directs

anyone who clicks on it back to the "seeking-arrangement-com.com" site that the user would

already be on.  To top it off, seeking-arrangement-com.com's homepage uses metadata keywords

"seekingarrangement.com, seeking arrangement login, seeking arrangement dating website,

seeking arrangements" and the metadata description "SeekingArrangement.com is the leading

sugar daddy dating site for sugar daddy & sugar baby who are looking for a mutually beneficial

relationship." Mutually Beneficial Relationships is also an RMI Trademark.

81.    Many other websites infringe on RMI's trademarks and redirect users to

Defendants' SugarDaddyMeet.com and/or MillionaireMatch.com websites. Table A below

demonstrates some past and present examples of such conduct:

82.    Table A:

| # | Infringing Domains | Description |
|---|---|---|
| A1 | sugardaddies.us | Infringes and uses counterfeits of SEEKING ARRANGEMENT mark and previously infringed and used a counterfeit of the MUTUALLY BENEFICIAL RELATIONSHIPS mark. Specifically noticed to the Successful Match Defendants in the Nevada Complaint. Redirects consumers to https://www.sugardaddymeet.com/guest?tid=SD0715. |
| A2 | wantmillionaire.com | Infringes and uses counterfeits of SEEKINGARRANGEMENT.COM, SEEKING ARRANGEMENT, SEEKINGARRANGEMENT, RELATIONSHIP ON YOUR TERMS and MUTUALLY BENEFICIAL RELATIONSHIPS marks. Specifically noticed to the Successful Match Defendants in the Nevada Complaint. Redirects consumers to https://www.millionairematch.com/verify_phone_to_go_next?tid=sam22#regist. |

| A3 | sugarpassions.com | Infringes and uses counterfeits of the SEEKING ARRANGEMENT mark and uses a photo originally appearing at https://www.seeking.com/what-is-an-arrangement. Specifically noticed to the Successful Match Defendants in the Nevada Complaint. Redirects consumers to https://www.sugardaddymeet.com/guest?tid=SP0510. |
| A4 | lookingforsugardaddy.org | Infringes and uses counterfeits of the SEEKING ARRANGEMENT mark also previously infringed and used a counterfeit of the MUTUALLY BENEFICIAL RELATIONSHIPS mark. Specifically noticed to the Successful Match Defendants in the Nevada Complaint. Redirects consumers to http://www.sugardaddymeet.com/guest?tid=lfsd0508. |
| A5 | sugarbabywebsite.com | Infringes and uses counterfeits of the SEEKING ARRANGEMENT mark. Specifically noticed to the Successful Match Defendants in the Nevada Complaint. Redirects consumers to http://www.sugardaddymeet.com/guest?tid=u. |
| A6 | sugardaddyallowance.com | Infringes and uses counterfeits of the SEEKING ARRANGEMENT mark. Specifically noticed to the Successful Match Defendants in the Nevada Complaint. Redirects consumers to https://www.sugardaddymeet.com/guest?tid=Bonus. |
| A7 | sugarbabyarrangement.com | Infringes and uses counterfeits of the SEEKING ARRANGEMENT mark. Previously infringed and used counterfeits of the MUTUALLY BENEFICIAL RELATIONSHIPS mark. Specifically noticed to the Successful Match Defendants in the Nevada Complaint. Redirects consumers to https://www.sugardaddymeet.com/guest?tid=sugar106 and https://www.sugardaddymeet.com/guest?tid=sa0512. |
| A8 | date-a-millionaire.com | Infringes and uses counterfeits of the SEEKING ARRANGEMENT mark. Specifically noticed to the Successful Match Defendants in the Nevada Complaint. Redirects consumers to https://www.millionairematch.com/guest?tid=GD512. |
| A9 | luxyfriends.com | Infringes and uses counterfeits of the SEEKING ARRANGEMENT mark. Specifically noticed to the Successful Match Defendants in the Nevada Complaint. Redirects consumers to http://www.millionairematch.com/guest?tid=GD326. |

| | | |
|---|---|---|
| **A10** | seekingarrangement datingsite.com | Infringes and uses counterfeits of the SEEKINGARRANGEMENT.COM, SEEKING ARRANGEMENT, SEEKINGARRANGEMENT, SEEKING.COM, and SEEKING marks. Cybersquats on the SEEKINGARRANGEMENT.COM, SEEKING ARRANGEMENT and SEEKINGARRANGEMENT marks. Specifically noticed to the Successful Match Defendants in the Nevada Complaint. Redirects consumers to https://www.sugardaddymeet.com/guest?tid=sugar136. |
| **A11** | seekingarrangementl oginsite.com | Infringes, cybersquats, and uses counterfeits of the SEEKINGARRANGEMENT.COM, SEEKING ARRANGEMENT, and SEEKINGARRANGEMENT marks. Infringes and uses counterfeits of the SEEKING.COM and SEEKING marks. Specifically noticed to the Successful Match Defendants in the Nevada Complaint. Redirects consumers to http://www.sugardaddymeet.com/guest?tid=Bonus. |
| **A12** | seekingarrangement australia.com | Infringes, cybersquats and uses counterfeit trademarks of SEEKINGARRANGEMENT and SEEKING ARRANGEMENT marks. Specifically noticed to the Successful Match Defendants in the Nevada Complaint. Redirects consumers to https://www.sugardaddymeet.com/guest?tid=a.a. |
| **A13** | seekingarrangement canada.ca | Infringes, cybersquats and uses counterfeits of the SEEKING ARRANGEMENT and SEEKINGARRANGEMENT mark. Specifically noticed to the Successful Match Defendants in the Nevada Complaint. Redirects consumers to http://www.sugardaddymeet.com/guest?tid=richsdm28. |
| **A14** | seekingarrangements .org | Infringes, cybersquats and uses counterfeits of the SEEKING ARRANGEMENT and SEEKINGARRANGEMENT marks. Previously infringed and used counterfeits of the MUTUALLY BENEFICIAL RELATIONSHIPS mark. Specifically noticed to the Successful Match Defendants in the Nevada Complaint. Redirects consumers to https://www.sugardaddymeet.com/guest?tid=sa0512. |
| **A15** | seekingmillionairem atch.com | Infringes, cybersquats and uses counterfeits of the SEEKING MILLIONAIRE mark. Specifically noticed to the Successful Match Defendants in the Nevada Complaint. Redirects consumers to https://www.millionairematch.com/guest?tid=sen02. |
| **A16** | seekingmillionaire.o rg | Infringes, cybersquats and uses counterfeits of the SEEKING MILLIONAIRE mark. Specifically noticed to the Successful Match Defendants in the Nevada Complaint. Redirects consumers to https://www.millionairematch.com/guest?tid=xws1. |

| | | |
|---|---|---|
| A17 | seekingarrangementloginin.com | Infringes, cybersquats and uses counterfeits of the SEEKINGARRANGEMENT.COM, SEEKING ARRANGEMENT and SEEKINGARRANGEMENT marks. Specifically noticed to the Successful Match Defendants in the Nevada Complaint. Redirects consumers to http://www.sugardaddymeet.com/guest?tid=ardad. |
| A18 | seeking-arrangement-com.com | Infringes, cybersquats, and uses counterfeits of the SEEKINGARRANGEMENT.COM, SEEKING ARRANGEMENT and SEEKINGARRANGEMENT marks. Specifically noticed to the Successful Match Defendants in the Nevada Complaint. Redirects consumers to http://www.sugardaddymeet.com/guest?tid=ardad. |
| A19 | seekingarrangement.vip | Infringes, cybersquats, and uses counterfeits of the SEEKING ARRANGEMENT and SEEKINGARRANGEMENT marks. Redirects consumers to https://www.sugardaddymeet.com/i/bbdy and https://www.millionairematch.com/i/Kiwifruit. |
| A20 | seekingarrangementmelbourne.com.au | Infringes, cybersquats, and uses counterfeits of the SEEKING ARRANGEMENT, SEEKINGARRANGEMENT, and MUTUALLY BENEFICIAL RELATIONSHIPS marks. Redirects consumers to http://www.sugardaddymeet.com/guest?tid=1266d. |
| A21 | seeking-arrangementcom.com | Infringes, cybersquats, and uses counterfeits of the SEEKING ARRANGEMENT, SEEKINGARRANGEMENT, and SEEKINGARRANGEMENT.COM marks. Redirects consumers to http://www.sugardaddymeet.com/guest?tid=addy. |
| A22 | seekinganarrangementlogin.com | Infringes, cybersquats, and uses counterfeits of the SEEKING ARRANGEMENT, SEEKINGARRANGEMENT, SEEKINGARRANGEMENT.COM, and MUTUALLY BENEFICIAL RELATIONSHIPS marks. Redirects consumers to http://www.sugardaddymeet.com/guest?tid=ardad. |
| A23 | seekingarrangements-officialsite.com | Infringes, cybersquats, and uses counterfeits of the SEEKING ARRANGEMENT, SEEKINGARRANGEMENT, SEEKINGARRANGEMENT.COM, and MUTUALLY BENEFICIAL RELATIONSHIPS marks. Redirects consumers to http://www.sugardaddymeet.com/guest?tid=rdad. |
| A24 | seekingarrangementcom.com | Infringes, cybersquats, and uses counterfeits of the SEEKING ARRANGEMENT, SEEKINGARRANGEMENT, SEEKINGARRANGEMENT.COM, and MUTUALLY BENEFICIAL RELATIONSHIPS marks. Redirects consumers to http://www.sugardaddymeet.com/guest?tid=rdadd. |

| | | |
|---|---|---|
| A25 | seekingarrangement nz.co.nz | Infringes, cybersquats, and uses counterfeits of the SEEKING ARRANGEMENT, SEEKINGARRANGEMENT mark. SEEKINGARRANGEMENT.COM, SEEKING. Infringes and uses counterfeits of the MUTUALLY BENEFICIAL RELATIONSHIPS mark. Redirects consumers to https://www.sugardaddymeet.com/guest?tid=sugar130. |
| A26 | seekingarrangement dating.com | Infringes, cybersquats, and uses counterfeits of the SEEKING ARRANGEMENT, SEEKINGARRANGEMENT, and SEEKINGARRANGEMENT.COM marks. Redirects consumers to https://www.sugardaddymeet.com/guest?tid=T0412. |
| A27 | seeking-arrangement.us | Infringes, cybersquats, and uses counterfeits of the SEEKING ARRANGEMENT and SEEKINGARRANGEMENT marks. Redirects consumers to https://www.sugardaddymeet.com/guest?tid=.c. |
| A28 | seeking-arrangements.co.uk | Infringes, cybersquats, and uses counterfeits of the SEEKING ARRANGEMENT and SEEKINGARRANGEMENT marks. Redirects consumers to http://www.sugardaddymeet.com/guest?tid=.com. |
| A29 | seekinganarrangeme ntcanada.com | Infringes, cybersquats, and uses counterfeits of the SEEKING ARRANGEMENT and SEEKINGARRANGEMENT marks. Infringes and uses counterfeits of the SA mark (using the SA logo). Redirects consumers to https://www.sugardaddymeet.com/guest?tid=9z. |
| A30 | seekingarrangementi naustralia.com.au | Infringes, cybersquats, and uses counterfeits of the SEEKING ARRANGEMENT, SEEKINGARRANGEMENT, and SEEKINGARRANGEMENT.COM marks. Infringes and uses counterfeits of the SA mark (using the SA logo). Redirects consumers to https://www.sugardaddymeet.com/guest?tid=monster. |
| A31 | seeking-arrangement--login.com | Infringes, cybersquats, and uses counterfeits of the SEEKING ARRANGEMENT, SEEKINGARRANGEMENT, and SEEKINGARRANGEMENT.COM marks. Infringes and uses counterfeits of the SA mark (using the SA logo) and MUTUALLY BENEFICIAL RELATIONSHIPS mark. Redirects consumers to https://www.sugardaddymeet.com/guest?tid=9z. |

| A32 | seekinglogin.com.au | Infringes, cybersquats, and uses counterfeits of the SEEKING and SEEKING.com marks. Infringes and uses counterfeits of the SEEKING ARRANGEMENT, SEEKINGARRANGEMENT, SEEKINGARRANGEMENT.COM, MUTUALLY BENEFICIAL RELATIONSHIPS and SA (using the SA logo) marks. Redirects consumers to https://www.sugardaddymeet.com/guest?tid=western. |
| --- | --- | --- |
| A33 | seekingarrangement nz.com | Infringes, cybersquats, and uses counterfeits of the SEEKING ARRANGEMENT, SEEKINGARRANGEMENT, and SEEKINGARRANGEMENT.COM marks. Redirects consumers to http://www.sugardaddymeet.com/guest?tid=ardad. |
| A34 | www.seekingarrange mentmelbourne.com | Infringes, cybersquats, and uses counterfeits of the SEEKING ARRANGEMENT, SEEKINGARRANGEMENT, and SEEKINGARRANGEMENT.COM marks. Redirects consumers to https://www.sugardaddymeet.com/guest?tid=SGG2. |
| A35 | seekingarrangements ydney.com | Infringes, cybersquats, and uses counterfeits of the SEEKING ARRANGEMENT, SEEKINGARRANGEMENT, and SEEKINGARRANGEMENT.COM marks. Infringes and uses counterfeits of the MUTUALLY BENEFICIAL RELATIONSHIPS mark. Redirects consumers to https://www.sugardaddymeet.com/guest?tid=SGG1. |
| A36 | Seekingarrangement loginpage.com | Infringes, cybersquats, and uses counterfeits of the SEEKING ARRANGEMENT, SEEKINGARRANGEMENT, and SEEKINGARRANGEMENT.COM marks. Infringes and uses counterfeits of the MUTUALLY BENEFICIAL RELATIONSHIPS mark. Redirects consumers to https://www.sugardaddymeet.com/guest?tid=ardadd. |
| A37 | seekingarrangements website.com | Infringes, cybersquats, and uses counterfeits of the SEEKING ARRANGEMENT, SEEKINGARRANGEMENT, and SEEKINGARRANGEMENT.COM marks. Infringes and uses counterfeits of the MUTUALLY BENEFICIAL RELATIONSHIPS mark. Redirects consumers to https://www.sugardaddymeet.com/guest?tid=ardadd. |
| A38 | seekanarrangement.c o.uk | Infringes, cybersquats, and uses counterfeits of the SEEKING ARRANGEMENT, SEEKINGARRANGEMENT, and SEEKINGARRANGEMENT.COM marks. Infringes and uses counterfeits of the MUTUALLY BENEFICIAL RELATIONSHIPS mark. Redirects consumers to https://www.sugardaddymeet.com/guest?tid=sugar127. |

| A39 | seeking-arrangement.ca | Infringes, cybersquats, and uses counterfeits of the SEEKING ARRANGEMENT, SEEKINGARRANGEMENT, and SEEKINGARRANGEMENT.COM marks. Infringes and uses counterfeits of the MUTUALLY BENEFICIAL RELATIONSHIPS and SA marks. Redirects consumers to https://www.sugardaddymeet.com/guest?tid=bing2. |
|---|---|---|
| A40 | seekingarrangement brisbane.com.au | Infringes, cybersquats, and uses counterfeits of the SEEKING ARRANGEMENT, SEEKINGARRANGEMENT, and SEEKINGARRANGEMENT.COM marks. Infringes and uses counterfeits of the SEEKING mark. Redirects consumers to https://www.sugardaddymeet.com/guest?tid=6stb. |
| A41 | seekingarrangement perth.com.au | Infringes, cybersquats, and uses counterfeits of the SEEKING ARRANGEMENT, SEEKINGARRANGEMENT, and SEEKINGARRANGEMENT.COM marks. Infringes and uses counterfeits of the SEEKING mark. Redirects consumers to https://www.sugardaddymeet.com/guest?tid=6stp. |
| A42 | seekingarrangements ite.com.au | Infringes, cybersquats, and uses counterfeits of the SEEKING ARRANGEMENT, SEEKINGARRANGEMENT, and SEEKINGARRANGEMENT.COM marks. Redirects consumers to https://www.sugardaddymeet.com/guest?tid=BingAds. |
| A43 | seeking-arrangement-canada.com | Infringes, cybersquats, and uses counterfeits of the SEEKING ARRANGEMENT, SEEKINGARRANGEMENT, and SEEKINGARRANGEMENT.COM marks. Redirects consumers to https://www.sugardaddymeet.com/guest?tid=1266d. |
| A44 | seekingarrangement vancouver.ca | Infringes, cybersquats, and uses counterfeits of the SEEKING ARRANGEMENT, SEEKINGARRANGEMENT, and SEEKINGARRANGEMENT.COM marks. Infringes and uses counterfeits of the SEEKING mark. Redirects consumers to https://www.sugardaddymeet.com/guest?tid=5stv. |
| A45 | seekingarrangement usa.com | Infringes, cybersquats, and uses counterfeits of the SEEKING ARRANGEMENT, SEEKINGARRANGEMENT, and SEEKINGARRANGEMENT.COM marks. Redirects consumers to https://www.sugardaddymeet.com/guest?tid=hookup10. |
| A46 | seekingarrangement comlogin.com | Infringes, cybersquats, and uses counterfeits of the SEEKING ARRANGEMENT, SEEKINGARRANGEMENT, and SEEKINGARRANGEMENT.COM marks. Redirects consumers to https://www.sugardaddymeet.com/guest?tid=K666. |

| A47 | seekingarrangementlogin.com.au | Infringes, cybersquats, and uses counterfeits of the SEEKING ARRANGEMENT, SEEKINGARRANGEMENT, and SEEKINGARRANGEMENT.COM marks. Redirects consumers to https://www.sugardaddymeet.com/guest?tid=Bonus. |
|---|---|---|
| A48 | seeking-arrangement.com.au | Infringes, cybersquats, and uses counterfeits of the SEEKING ARRANGEMENT, SEEKINGARRANGEMENT, and SEEKINGARRANGEMENT.COM marks. Infringes and uses counterfeits of the RELATIONSHIP ON YOUR TERMS mark. Redirects consumers to https://www.sugardaddymeet.com/guest?tid=Bonus. |
| A49 | seekingarrangementchicago.com | Infringes, cybersquats, and uses counterfeits of the SEEKING ARRANGEMENT, SEEKINGARRANGEMENT, and SEEKINGARRANGEMENT.COM marks. Infringes and uses counterfeits of the RELATIONSHIP ON YOUR TERMS mark. Redirects consumers to https://www.sugardaddymeet.com/guest?tid=Bonus. |
| A50 | seeking-arrangement-login.com | Infringes, cybersquats, and uses counterfeits of the SEEKING ARRANGEMENT, SEEKINGARRANGEMENT, and SEEKINGARRANGEMENT.COM marks. Infringes and uses counterfeits of the SEEKING and SEEKING.COM marks (in meta data. Redirects consumers to https://www.sugardaddymeet.com/guest?tid=Bonus. |
| A51 | www.seekingarrangementsaustralia.com.au | Infringes, cybersquats, and uses counterfeits of the SEEKING ARRANGEMENT, SEEKINGARRANGEMENT, and SEEKINGARRANGEMENT.COM marks. Infringes and uses counterfeits of the MUTUALLY BENEFICIAL RELATIONSHIPS mark. Redirects consumers to https://www.sugardaddymeet.com/guest?tid=Bonus. |
| A52 | seekingarrangementtoronto.ca | Infringes, cybersquats, and uses counterfeits of the SEEKING ARRANGEMENT and SEEKINGARRANGEMENT marks. Redirects consumers to https://www.sugardaddymeet.com/guest?tid=p. |
| A53 | seekingarrangementcalgary.ca | Infringes, cybersquats, and uses counterfeits of the SEEKING ARRANGEMENT and SEEKINGARRANGEMENT marks. Infringes and uses counterfeits of the SEEKING mark. Redirects consumers to https://www.sugardaddymeet.com/guest?tid=5stc. |
| A54 | seekingarrangementmontreal.ca | Infringes, cybersquats, and uses counterfeits of the SEEKING ARRANGEMENT and SEEKINGARRANGEMENT marks. Infringes and uses counterfeits of the SEEKING mark. Redirects consumers to https://www.sugardaddymeet.com/guest?tid=5stm. |

| | | |
|---|---|---|
| **A55** | seekingarrangement australia.com.au | Infringes, cybersquats, and uses counterfeits of the SEEKING ARRANGEMENT, SEEKINGARRANGEMENT, and SEEKINGARRANGEMENT.COM marks. Redirects consumers to https://www.sugardaddymeet.com/guest?tid=SAa. |
| **A56** | seeking-arrangement-website.com | Infringes, cybersquats, and uses counterfeits of the SEEKING ARRANGEMENT, SEEKINGARRANGEMENT, and SEEKINGARRANGEMENT.COM marks. Redirects consumers to https://www.sugardaddymeet.com/guest?tid=saw. |
| **A57** | seekingarrangements .co.nz | Infringes, cybersquats, and uses counterfeits of the SEEKING ARRANGEMENT, SEEKINGARRANGEMENT, and SEEKINGARRANGEMENT.COM marks. Infringes and uses counterfeits of the MUTUALLY BENEFICIAL RELATIONSHIPS and RELATIONSHIP ON YOUR TERMS marks. Redirects consumers to https://www.sugardaddymeet.com/guest?tid=SAZ. |
| **A58** | seekingarrangement officialsite.com | Infringes, cybersquats, and uses counterfeits of the SEEKING ARRANGEMENT, SEEKINGARRANGEMENT, and SEEKINGARRANGEMENT.COM marks. Infringes and uses counterfeits of the MUTUALLY BENEFICIAL RELATIONSHIPS mark. Redirects consumers to https://www.sugardaddymeet.com/guest?tid=Bonus. |
| **A59** | seekingarrangement ottawa.ca | Infringes, cybersquats, and uses counterfeits of the SEEKING ARRANGEMENT, SEEKINGARRANGEMENT, and SEEKINGARRANGEMENT.COM marks. Infringes and uses counterfeits of the MUTUALLY BENEFICIAL RELATIONSHIPS mark. Redirects consumers to http://www.sugardaddymeet.com/guest?tid=sugar110. |
| **A60** | seekingarrangement adelaide.com.au | Infringes, cybersquats, and uses counterfeits of the SEEKING ARRANGEMENT, SEEKINGARRANGEMENT, and SEEKINGARRANGEMENT.COM marks. Infringes and uses counterfeits of the MUTUALLY BENEFICIAL RELATIONSHIPS mark. Redirects consumers to https://www.sugardaddymeet.com/guest?tid=sugar119. |
| **A61** | seekingarrangement edmonton.ca | Infringes, cybersquats, and uses counterfeits of the SEEKING ARRANGEMENT and SEEKINGARRANGEMENT marks. Infringes and uses counterfeits of the MUTUALLY BENEFICIAL RELATIONSHIPS mark. Redirects consumers to http://www.sugardaddymeet.com/guest?tid=sugar108. |
| **A62** | seeking-arrangements.com | Infringes, cybersquats, and uses counterfeits of the SEEKING ARRANGEMENT, SEEKINGARRANGEMENT, and SEEKINGARRANGEMENT.COM marks. Infringes and uses counterfeits of the MUTUALLY BENEFICIAL RELATIONSHIPS mark. Redirects consumers to https://www.sugardaddymeet.com/guest?tid=sugarwl23. |

| | | |
|---|---|---|
| A63 | seekingarrangement-australia.com | Infringes, cybersquats, and uses counterfeits of the SEEKING ARRANGEMENT, SEEKINGARRANGEMENT, and SEEKINGARRANGEMENT.COM marks. Redirects consumers to https://www.sugardaddymeet.com/guest?tid=sugarwl24. |
| A64 | seekingarrangement-canada.com | Infringes, cybersquats, and uses counterfeits of the SEEKING ARRANGEMENT, SEEKINGARRANGEMENT, and SEEKINGARRANGEMENT.COM marks. Infringes and uses counterfeits of the MUTUALLY BENEFICIAL RELATIONSHIPS mark. Redirects consumers to https://www.sugardaddymeet.com/guest?tid=sugarwl55. |
| A65 | seekingarrangement-uk.com | Infringes, cybersquats, and uses counterfeits of the SEEKING ARRANGEMENT, SEEKINGARRANGEMENT, and SEEKINGARRANGEMENT.COM marks. Infringes and uses counterfeits of the MUTUALLY BENEFICIAL RELATIONSHIPS mark. Redirects consumers to https://www.sugardaddymeet.com/guest?tid=sugarwl66. |
| A66 | seekingarrangement--login.com | Infringes, cybersquats, and uses counterfeits of the SEEKING ARRANGEMENT, SEEKINGARRANGEMENT, and SEEKINGARRANGEMENT.COM marks. Redirects consumers to https://www.sugardaddymeet.com/i/af7046068. |
| A67 | seeking-arrangement.net | Infringes, cybersquats, and uses counterfeits of the SEEKING ARRANGEMENT and SEEKINGARRANGEMENT marks. Infringes and uses counterfeits of the MUTUALLY BENEFICIAL RELATIONSHIPS and the SEEKINGARRANGEMENT.COM mark. Redirects consumers to https://www.sugardaddymeet.com/guest?tid=8292. |
| A68 | seekingarrangement-website.com | Infringes, cybersquats, and uses counterfeits of the SEEKING ARRANGEMENT, SEEKINGARRANGEMENT, and SEEKINGARRANGEMENT.COM marks. Redirects consumers to https://www.sugardaddymeet.com/i/2460/. |
| A69 | seeking-arrangement-app.com | Infringes, cybersquats, and uses counterfeits of the SEEKING ARRANGEMENT, SEEKINGARRANGEMENT, and SEEKINGARRANGEMENT.COM marks. Infringes and uses counterfeits of the MUTUALLY BENEFICIAL RELATIONSHIPS and SA marks. Redirects consumers to https://www.sugardaddymeet.com/guest?tid=affc. |
| A70 | seekanarrangementlogin.com | Infringes, cybersquats, and uses counterfeits of the SEEKING ARRANGEMENT, SEEKINGARRANGEMENT, and SEEKINGARRANGEMENT.COM marks. Infringes and uses counterfeits of the MUTUALLY BENEFICIAL RELATIONSHIPS mark. Redirects consumers to https://www.sugardaddymeet.com/i/Bonus. |

| A71 | seekingarrangements--login.com | Infringes, cybersquats, and uses counterfeits of the SEEKING ARRANGEMENT, SEEKINGARRANGEMENT, and SEEKINGARRANGEMENT.COM marks. Infringes and uses counterfeits of the MUTUALLY BENEFICIAL RELATIONSHIPS mark. Redirects consumers to https://www.sugardaddymeet.com/i/Bonus. |
| --- | --- | --- |
| A72 | seekingslogin.com | Infringes, cybersquats, and uses counterfeits of the SEEKING and SEEKING.com marks. Infringes and uses counterfeits of the SEEKING ARRANGEMENT, SEEKINGARRANGEMENT, SEEKINGARRANGEMENT.COM and MUTUALLY BENEFICIAL RELATIONSHIPS mark. Redirects consumers to https://www.sugardaddymeet.com/i/Bonus. |
| A73 | seekingarrangements-login.com | Infringes, cybersquats, and uses counterfeits of the SEEKING ARRANGEMENT, SEEKINGARRANGEMENT, and SEEKINGARRANGEMENT.COM marks. Infringes and uses counterfeits of the MUTUALLY BENEFICIAL RELATIONSHIPS mark. Redirects consumers to https://www.sugardaddymeet.com/i/vn. |
| A74 | seekinganarrangement.co.uk | Infringes, cybersquats, and uses counterfeits of the SEEKING ARRANGEMENT and SEEKINGARRANGEMENT marks. Infringes and uses counterfeits of the SEEKING.COM and SEEKING marks. Redirects consumers to https://www.sugardaddymeet.com/guest?tid=p. |
| A75 | seekinganarrangement.com.au | Infringes, cybersquats, and uses counterfeits of the SEEKING ARRANGEMENT, SEEKINGARRANGEMENT, and SEEKINGARRANGEMENT.COM marks. Infringes and uses counterfeits of the SEEKING.COM, SEEKING, and MUTUALLY BENEFICIAL RELATIONSHIP marks. Redirects consumers to https://www.sugardaddymeet.com/guest?tid=p and https://www.sugardaddymeet.com/guest?tid=n. |
| A76 | seekingarrangementsite.com | Infringes, cybersquats, and uses counterfeits of the SEEKING ARRANGEMENT, SEEKINGARRANGEMENT, and SEEKINGARRANGEMENT.COM marks. Infringes and uses counterfeits of the MUTUALLY BENEFICIAL RELATIONSHIPS mark. Redirects consumers to https://www.sugardaddymeet.com/i/vn. |
| A77 | https://www.secretarrangements.org/ | Infringes and uses counterfeits of the SEEKING ARRANGEMENT, MUTUALLY BENEFICIAL ARRANGEMENTS, and RELATIONSHIP ON YOUR TERMS marks. Redirects consumers to https://www.sugardaddymeet.com/guest?tid=sa6. |

| A78 | seekingarrangement-loginin.com | Infringes, cybersquats, and uses counterfeits of the SEEKING ARRANGEMENT, SEEKINGARRANGEMENT, and SEEKINGARRANGEMENT.COM marks. Infringes and uses counterfeits of the MUTUALLY BENEFICIAL RELATIONSHIPS mark. Redirects consumers to https://www.sugardaddymeet.com/guest?tid=ardadd. |
| A79 | seekingarrangements officialsite.com | Infringes, cybersquats, and uses counterfeits of the SEEKING ARRANGEMENT, SEEKINGARRANGEMENT, and SEEKINGARRANGEMENT.COM marks. Infringes and uses counterfeits of the MUTUALLY BENEFICIAL RELATIONSHIPS mark. Redirects consumers to https://www.sugardaddymeet.com/guest?tid=SGG3. |
| A80 | seekingarrangements ydney.com.au | Infringes, cybersquats, and uses counterfeits of the SEEKING ARRANGEMENT and SEEKINGARRANGEMENT marks. Infringes and uses counterfeits of the SEEKING and MUTUALLY BENEFICIAL RELATIONSHIPS marks. Redirects consumers to https://www.sugardaddymeet.com/guest?tid=sugar111. |
| A81 | seekingarrangement winnipeg.ca | Infringes, cybersquats, and uses counterfeits of the SEEKING ARRANGEMENT and SEEKINGARRANGEMENT marks. Infringes and uses counterfeits of the SEEKING and MUTUALLY BENEFICIAL RELATIONSHIPS marks. Redirects consumers to https://www.sugardaddymeet.com/guest?tid=sugar111. |
| A82 | seekingarrangement canada.com | Infringes, cybersquats, and uses counterfeits of the SEEKING ARRANGEMENT, SEEKINGARRANGEMENT, and SEEKINGARRANGEMENT.COM marks. Redirects consumers to https://www.sugardaddymeet.com/i/Bonus. |
| A83 | http://www.seekinga rrangementreview.co m/ | Infringes, cybersquats, and uses counterfeits of the SEEKING ARRANGEMENT, SEEKINGARRANGEMENT (uses logo) and SEEKINGARRANGEMENT.COM marks. Infringes on SA mark (uses logo). This site pretends to be a "review website," but redirects consumers to https://www.sugardaddymeet.com/guest?tid=JAmm0011 when clicking on a hyperlink with the text "Visite [sic] SeekingArrangement.com." |

83.   The preceding list is illustrative and not exhaustive, as the Defendants' creation of infringing websites is rapid and ongoing.

84.   The Domains listed in Table A shall be referred to in this complaint as the Infringing Domains.

85.   Defendants' infringing acts as alleged herein have caused and are likely to cause

confusion, mistake, and deception among the relevant consuming public as to the source or origin of the Successful Match Defendants' websites, <www.SugarDaddyMeet.com>, <wwwMillionaireMatch.com> and their related services and the websites in their Successful Match Affiliate Program, and each website is likely to deceive the relevant consuming public into believing, mistakenly, that Defendants' websites and related services originate from, or are associated and/or affiliated with, or otherwise authorized by RMI.

86.    Defendants' acts are willful with the deliberate intent to trade on the goodwill of RMI's Trademarks, cause confusion and deception in the marketplace, and divert potential sales of dating services offered on RMI's dating websites, including Seeking Arrangement, to the Defendants.

87.    Defendants' acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to RMI and to its valuable reputation and goodwill with the consuming public for which RMI has no adequate remedy at law.

## **FIRST CAUSE OF ACTION**

### **(Federal Trademark Infringement)**

### **(Infringement upon the SEEKING ARRANGEMENT trademarks)**

88.    RMI incorporates by reference each and every allegation contained in the preceding paragraphs of this complaint, as if fully set forth herein.

89.    Defendants' unauthorized use in commerce of the Infringing Marks as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' services, and is likely to cause consumers to believe, contrary to fact, that Defendants' services are sold, authorized, endorsed, or sponsored by RMI, or that Defendants are in some way affiliated with or sponsored by RMI. Defendants' conduct therefore constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

90.    Defendants have committed the foregoing acts of infringement with full knowledge of RMI's prior rights in the SEEKING ARRANGEMENT trademarks registered in

the United States, and with the willful intent to cause confusion and trade on RMI's goodwill.

91.    Defendants' conduct is causing immediate and irreparable harm and injury to RMI, and to its goodwill and reputation, and will continue to both damage RMI and confuse the public unless enjoined by this court. RMI has no adequate remedy at law.

92.    RMI is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

93.    As a direct and proximate result of Defendants' infringing activities as alleged herein, RMI has suffered substantial damage in an amount to be proven at trial, but estimated to exceed $75,000, exclusive of interest and costs.

94.    Defendants' foregoing acts constitute an exceptional case and are intentional, entitling RMI to treble their actual damages and/or statutory damages for trademark counterfeiting and to an award of attorneys' fees.

## SECOND CAUSE OF ACTION

### (Federal Trademark Infringement)

### (Infringement upon the SEEKINGARRANGEMENT trademark)

95.    RMI incorporates by reference each and every allegation contained in the preceding paragraphs of this complaint, as if fully set forth herein.

96.    Defendants' unauthorized use in commerce of the Infringing Marks as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' services, and is likely to cause consumers to believe, contrary to fact, that Defendants' services are sold, authorized, endorsed, or sponsored by RMI, or that Defendants are in some way affiliated with or sponsored by RMI. Defendants' conduct therefore constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

97.    Defendants have committed the foregoing acts of infringement with full knowledge of RMI's prior rights in the SEEKINGARRANGEMENT trademark and with the

willful intent to cause confusion and trade on RMI's goodwill.

98.     Defendants' conduct is causing immediate and irreparable harm and injury to RMI, and to its goodwill and reputation, and will continue to both damage RMI and confuse the public unless enjoined by this court. RMI has no adequate remedy at law.

99.     RMI is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, and reasonable attorneys' fees and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

100.    As a direct and proximate result of Defendants' infringing activities as alleged herein, RMI has suffered substantial damage in an amount to be proven at trial, but estimated to exceed $75,000, exclusive of interest and costs.

101.    Defendants' foregoing acts constitute an exceptional case and are intentional, entitling RMI to treble their actual damages and/or statutory damages for trademark counterfeiting and to an award of attorneys' fees.

### THIRD CAUSE OF ACTION

**(Federal Trademark Infringement)**

**(Infringement upon the SEEKINGARRANGEMENT.COM trademark)**

102.    RMI incorporates by reference each and every allegation contained in the preceding paragraphs of this complaint, as if fully set forth herein.

103.    Defendants' unauthorized use in commerce of the Infringing Marks as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' services, and is likely to cause consumers to believe, contrary to fact, that Defendants' services are sold, authorized, endorsed, or sponsored by RMI, or that Defendants are in some way affiliated with or sponsored by RMI. Defendants' conduct therefore constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

104.    Defendants have committed the foregoing acts of infringement with full knowledge of RMI's prior rights in the SEEKINGARRANGEMENT.COM trademark and with

the willful intent to cause confusion and trade on RMI's goodwill.

105.    Defendants' conduct is causing immediate and irreparable harm and injury to RMI, and to its goodwill and reputation, and will continue to both damage RMI and confuse the public unless enjoined by this court. RMI has no adequate remedy at law.

106.    RMI is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, and reasonable attorneys' fees and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

107.    As a direct and proximate result of Defendants' infringing activities as alleged herein, RMI has suffered substantial damage in an amount to be proven at trial, but estimated to exceed $75,000, exclusive of interest and costs.

108.    Defendants' foregoing acts constitute an exceptional case and are intentional, entitling RMI to treble their actual damages and/or statutory damages for trademark counterfeiting and to an award of attorneys' fees.

## FOURTH CAUSE OF ACTION

### (Federal Trademark Infringement)

### (Infringement upon the SA trademark)

109.    RMI incorporates by reference each and every allegation contained in the preceding paragraphs of this complaint, as if fully set forth herein.

110.    Defendants' unauthorized use in commerce of the Infringing Marks as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' services, and is likely to cause consumers to believe, contrary to fact, that Defendants' services are sold, authorized, endorsed, or sponsored by RMI, or that Defendants are in some way affiliated with or sponsored by RMI. Defendants' conduct therefore constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

111.    Defendants have committed the foregoing acts of infringement with full knowledge of RMI's prior rights in the SA trademark and with the willful intent to cause

confusion and trade on RMI's goodwill.

112.    Defendants' conduct is causing immediate and irreparable harm and injury to RMI, and to its goodwill and reputation, and will continue to both damage RMI and confuse the public unless enjoined by this court. RMI has no adequate remedy at law.

113.    RMI is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, and reasonable attorneys' fees and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

114.    As a direct and proximate result of Defendants' infringing activities as alleged herein, RMI has suffered substantial damage in an amount to be proven at trial, but estimated to exceed $75,000, exclusive of interest and costs.

115.    Defendants' foregoing acts constitute an exceptional case and are intentional, entitling RMI to treble their actual damages and/or statutory damages for trademark counterfeiting and to an award of attorneys' fees.

## FIFTH CAUSE OF ACTION

### (Federal Trademark Infringement)

### (Infringement upon the SEEKING.COM trademark)

116.    RMI incorporates by reference each and every allegation  contained in the preceding paragraphs of this complaint, as if fully set forth herein.

117.    Defendants' unauthorized use in commerce of the Infringing Marks as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' services, and is likely to cause consumers to believe, contrary to fact, that Defendants' services are sold, authorized, endorsed, or sponsored by RMI, or that Defendants are in some way affiliated with or sponsored by RMI. Defendants' conduct therefore constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

118.    Defendants have committed the foregoing acts of infringement with full knowledge of RMI's prior rights in the SEEKING.COM trademark and with the willful intent to

cause confusion and trade on RMI's goodwill.

119.   Defendants' conduct is causing immediate and irreparable harm and injury to RMI, and to its goodwill and reputation, and will continue to both damage RMI and confuse the public unless enjoined by this court. RMI has no adequate remedy at law.

120.   RMI is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, and reasonable attorneys' fees and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

121.   As a direct and proximate result of Defendants' infringing activities as alleged herein, RMI has suffered substantial damage in an amount to be proven at trial, but estimated to exceed $75,000, exclusive of interest and costs.

122.   Defendants' foregoing acts constitute an exceptional case and are intentional, entitling RMI to treble their actual damages and/or statutory damages for trademark counterfeiting and to an award of attorneys' fees.

## SIXTH CAUSE OF ACTION

### (Federal Trademark Infringement)

### (Infringement upon the SEEKING trademark)

123.   RMI incorporates by reference each and every allegation contained in the preceding paragraphs of this complaint, as if fully set forth herein.

124.   Defendants' unauthorized use in commerce of the Infringing Marks as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' services, and is likely to cause consumers to believe, contrary to fact, that Defendants' services are sold, authorized, endorsed, or sponsored by RMI, or that Defendants are in some way affiliated with or sponsored by RMI. Defendants' conduct therefore constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

125.   Defendants have committed the foregoing acts of infringement with full knowledge of RMI's prior rights in the SEEKING trademark and with the willful intent to cause

confusion and trade on RMI's goodwill.

126.     Defendants' conduct is causing immediate and irreparable harm and injury to RMI, and to its goodwill and reputation, and will continue to both damage RMI and confuse the public unless enjoined by this court. RMI has no adequate remedy at law.

127.     RMI is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

128.     As a direct and proximate result of Defendants' infringing activities as alleged herein, RMI has suffered substantial damage in an amount to be proven at trial, but estimated to exceed $75,000, exclusive of interest and costs.

129.     Defendants' foregoing acts constitute an exceptional case and are intentional, entitling RMI to treble their actual damages and/or statutory damages for trademark counterfeiting and to an award of attorneys' fees.

## SEVENTH CAUSE OF ACTION

### (Federal Trademark Infringement)

### (Infringement upon the MUTUALLY BENEFICIAL RELATIONSHIPS trademark)

130.     RMI incorporates by reference each and every allegation contained in the preceding paragraphs of this complaint, as if fully set forth herein.

131.     Defendants' unauthorized use in commerce of the Infringing Marks as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' services, and is likely to cause consumers to believe, contrary to fact, that Defendants' services are sold, authorized, endorsed, or sponsored by RMI, or that Defendants are in some way affiliated with or sponsored by RMI. Defendants' conduct therefore constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

132.     Defendants have committed the foregoing acts of infringement with full knowledge of RMI's prior rights in the MUTUALLY BENEFICIAL RELATIONSHIPS

trademark and with the willful intent to cause confusion and trade on RMI's goodwill.

133.   Defendants' conduct is causing immediate and irreparable harm and injury to RMI, and to its goodwill and reputation, and will continue to both damage RMI and confuse the public unless enjoined by this court. RMI has no adequate remedy at law.

134.   RMI is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, and reasonable attorneys' fees and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

135.   As a direct and proximate result of Defendants' infringing activities as alleged herein, RMI has suffered substantial damage in an amount to be proven at trial, but estimated to exceed $75,000, exclusive of interest and costs.

136.   Defendants' foregoing acts constitute an exceptional case and are intentional, entitling RMI to treble their actual damages and/or statutory damages for trademark counterfeiting and to an award of attorneys' fees.

## EIGHTH CAUSE OF ACTION

### (Federal Trademark Infringement)

### (Infringement upon the MUTUALLY BENEFICIAL ARRANGEMENTS trademark)

137.   RMI incorporates by reference each and every allegation contained in the preceding paragraphs of this complaint, as if fully set forth herein.

138.   Defendants' unauthorized use in commerce of the Infringing Marks as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' services, and is likely to cause consumers to believe, contrary to fact, that Defendants' services are sold, authorized, endorsed, or sponsored by RMI, or that Defendants are in some way affiliated with or sponsored by RMI. Defendants' conduct therefore constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

139.   Defendants have committed the foregoing acts of infringement with full knowledge of RMI's prior rights in the MUTUALLY BENEFICIAL ARRANGEMENTS

trademark and with the willful intent to cause confusion and trade on RMI's goodwill.

140. Defendants' conduct is causing immediate and irreparable harm and injury to RMI, and to its goodwill and reputation, and will continue to both damage RMI and confuse the public unless enjoined by this court. RMI has no adequate remedy at law.

141. RMI is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, and reasonable attorneys' fees and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

142. As a direct and proximate result of Defendants' infringing activities as alleged herein, RMI has suffered substantial damage in an amount to be proven at trial, but estimated to exceed $75,000, exclusive of interest and costs.

143. Defendants' foregoing acts constitute an exceptional case and are intentional, entitling RMI to treble their actual damages and/or statutory damages for trademark counterfeiting and to an award of attorneys' fees.

## NINTH CAUSE OF ACTION

### (Federal Trademark Infringement)

### (Infringement upon the RELATIONSHIP ON YOUR TERMS trademark)

144. RMI incorporates by reference each and every allegation contained in the preceding paragraphs of this complaint, as if fully set forth herein.

145. Defendants' unauthorized use in commerce of the Infringing Marks as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' services, and is likely to cause consumers to believe, contrary to fact, that Defendants' services are sold, authorized, endorsed, or sponsored by RMI, or that Defendants are in some way affiliated with or sponsored by RMI. Defendants' conduct therefore constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

146. Defendants have committed the foregoing acts of infringement with full knowledge of RMI's prior rights in the RELATIONSHIP ON YOUR TERMS trademark and

with the willful intent to cause confusion and trade on RMI's goodwill.

147.    Defendants' conduct is causing immediate and irreparable harm and injury to RMI, and to its goodwill and reputation, and will continue to both damage RMI and confuse the public unless enjoined by this court. RMI has no adequate remedy at law.

148.    RMI is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, and reasonable attorneys' fees and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

149.    As a direct and proximate result of Defendants' infringing activities as alleged herein, RMI has suffered substantial damage in an amount to be proven at trial, but estimated to exceed $75,000, exclusive of interest and costs.

150.    Defendants' foregoing acts constitute an exceptional case and are intentional, entitling RMI to treble their actual damages and/or statutory damages for trademark counterfeiting and to an award of attorneys' fees.

## TENTH CAUSE OF ACTION

### (Federal Trademark Infringement)

### (Infringement upon the SEEKING MILLIONAIRE trademark)

151.    RMI incorporates by reference each and every allegation contained in the preceding paragraphs of this complaint, as if fully set forth herein.

152.    Defendants' unauthorized use in commerce of the Infringing Marks as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' services, and is likely to cause consumers to believe, contrary to fact, that Defendants' services are sold, authorized, endorsed, or sponsored by RMI, or that Defendants are in some way affiliated with or sponsored by RMI. Defendants' conduct therefore constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

153.    Defendants have committed the foregoing acts of infringement with full knowledge of RMI's prior rights in the SEEKING MILLIONAIRE trademark and with the

willful intent to cause confusion and trade on RMI's goodwill.

154.    Defendants' conduct is causing immediate and irreparable harm and injury to RMI, and to its goodwill and reputation, and will continue to both damage RMI and confuse the public unless enjoined by this court. RMI has no adequate remedy at law.

155.    RMI is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, and reasonable attorneys' fees and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

156.    As a direct and proximate result of Defendants' infringing activities as alleged herein, RMI has suffered substantial damage in an amount to be proven at trial, but estimated to exceed $75,000, exclusive of interest and costs.

157.    Defendants' foregoing acts constitute an exceptional case and are intentional, entitling RMI to treble their actual damages and/or statutory damages for trademark counterfeiting and to an award of attorneys' fees.

## ELEVENTH CAUSE OF ACTION

### (Contributory Trademark Infringement of the RMI Trademarks)

### (Against Defendants SuccessfulMatch.com, Successful Match Canada, Inc. and Qiang Du)

158.    RMI incorporates by reference each allegation contained in the preceding paragraphs of this complaint as if fully set forth herein.

159.    The Successful Match Defendants intentionally induced the Successful Match Affiliates to infringe on the Trademarks through the infringing domains and provided them with payments for internet traffic that results in signups to MillionaireMatch.com and SugarDaddyMeet.com, access to dating software, a membership database, payment processing, website hosting, customer support, website design, and daily tracking of their affiliate's websites on which each affiliate infringes upon various RMI Trademarks for the benefit of Defendants. Additionally, Defendant SuccessfulMatch.com offered "[l]egal counseling or defense for quality partners," and a PR specialist to help promote the affiliates' websites.

160.    Defendants SuccessfulMatch.com, Successful Match Canada, Inc. and Qiang Du each had notice that their affiliates were infringing upon RMI Trademarks as Du and SuccessfulMatch.com were involved in a prior lawsuit, and because the domains that infringe upon the RMI Trademarks were provided to SuccessfulMatch.com so that each could be a part of the affiliate programs for each website and receive "bounty" payments for sign ups.

161.    The Successful Match Defendants exercise direct control over the Affiliate Defendants and thereby can control and monitor the content posted on the Infringing Domains.

162.    The actions of Successful Match described above and specifically, without limitation, its knowledge, participation, and inducement of the unauthorized use of the RMI Trademarks and confusingly similar variations thereof, in commerce to advertise, market, and sell its products and services throughout the United States and Nevada constitute contributory trademark infringement in violation of federal law.

163.    The actions of the Successful Match Defendants, if not enjoined, will continue.

111. RMI has suffered and continues to suffer damages in an amount to be proven at trial consisting of, among other things, diminution in the value of and goodwill associated with the Trademarks, and injury to Plaintiffs' businesses.

## TWELFTH CAUSE OF ACTION

**(Vicarious Trademark Infringement of the RMI Trademarks Against Defendants SuccessfulMatch.com, Successful Match Canada, Inc. and Qiang Du)**

112.    Plaintiffs incorporate by reference each allegation contained in the preceding paragraphs of this complaint as if fully set forth herein.

113.    The actions of Defendants SuccessfulMatch.com, Successful Match Canada, Inc. and Qiang Du described above and specifically, without limitation, their knowledge, participation, and inducement of the unauthorized use of the Trademarks and confusingly similar variations thereof, in commerce to advertise, market, and sell their products and services throughout the United States and Nevada constitute vicarious trademark infringement in violation of federal law.

114.    Defendants SuccessfulMatch.com, Successful Match Canada, Inc. and Qiang Du have or had the ability to control the actions of the Affiliate Defendants, fund the advertising activities of the Affiliate Defendants, and derive a direct financial benefit from the illegal acts of the Affiliate Defendants complained of throughout this complaint.

115.    The actions of Defendants SuccessfulMatch.com, Successful Match Canada, Inc. and Qiang Du, if not enjoined, will continue.

116.    RMI has suffered and continues to suffer damages in an amount to be proven at trial consisting of, among other things, diminution in the value of and goodwill associated with the Trademarks, and injury to Plaintiffs' businesses.

117.    The actions of Defendants SuccessfulMatch.com, Successful Match Canada, Inc. and Qiang Du described above were and continue to be deliberate and willful, entitling RMI to treble its actual damages and to an award of attorneys' fees.

## THIRTEENTH CAUSE OF ACTION

### (Unfair Competition under 15 U.S.C. § 1125)

118.    RMI incorporates by reference each and every allegation contained in the preceding paragraphs of this complaint, as if fully set forth herein.

119.    Defendants' unauthorized use in commerce of the Infringing Marks as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' services, and is likely to cause consumers to believe, contrary to fact, that Defendants' services are sold, authorized, endorsed, or sponsored by RMI, or that Defendants are in some way affiliated with or sponsored by RMI.

120.    Defendants' unauthorized use in commerce of the Infringing Marks as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

121.    Defendants' conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with RMI.

122.    Defendants' conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

123.    Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to RMI, and to its goodwill and reputation, and will continue to both damage RMI and confuse the public unless enjoined by this Court. RMI has no adequate remedy at law.

124.    RMI is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## FOURTEENTH CAUSE OF ACTION

### (Unfair Competition, Cal. Bus. & Prof. Code § 17200 *et seq*.)

125.    RMI incorporates by reference each and every allegation contained in the preceding paragraphs of this complaint, as if fully set forth herein.

126.    Any conduct that is unlawful, unfair or deceptive constitutes a violation of the California Unfair Competition Law, Business and Professions Code § 17200 *et seq*.

127.    Defendants have falsely represented an affiliation, connection, and/or association between Defendants websites, including <www.SugarDaddyMeet.com> and <www.MillionaireMatch.com> and RMI's Seeking Arrangement by using the Infringing Trademarks in metadata on its website, in at least one press release, and through the Successful Match Affiliate Program.

128.    RMI requests that this Court enjoin Defendants from further engaging in consumer fraud by infringing on any of RMI's Trademarks to describe Defendants' competing businesses.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

1.    That Defendants have violated Section 32 of the Lanham Act (15 U.S.C. § 1114) and Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

2.      That Defendants have engaged in Unfair Competition under 15 U.S.C. § 1125(a).

3.      That Defendants have engaged in Unfair Competition under Cal. Bus. & Prof. Code. § 17200 *et. seq.*

4.      Granting an injunction temporarily, preliminarily and permanently enjoining the Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise from:

> a.   selling, marketing, advertising, promoting, or authorizing any third party to sell, market, advertise or promote any goods or services bearing the Infringing Marks or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of RMI's Trademarks;
>
> b.   engaging in any activity that infringes RMI's rights in its Trademarks;
>
> c.   engaging in any activity constituting unfair competition with RMI;
>
> d.   making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) Defendants' website and services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with RMI, or (ii) RMI's websites and services, are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Defendants;
>
> e.   using or authorizing any third party to use in connection with any business, goods, or services any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices, or trade dress that falsely associate such business, goods and/or services with RMI or tend to do so;
>
> f.   registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or

incorporating the mark Infringing Marks, or any other mark that infringes or is likely to be confused with RMI's Trademarks, or any goods or services of RMI, or RMI as their source;

g.  aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) through (f)

h.  accessing any of RMI's websites (including access to these websites through mobile applications), including, but not limited to: <Seeking.com> <SeekingArrangement.com>, <SeekingMillionaire.com>, <MissTravel.com>, <WhatsYourPrice.com>, <OpenMinded.com>, <PairMeUp.com>, and <PerfectArrangement.com>.

5.  Granting such other and further relief as the Court may deem proper to prevent the public and the trade from deriving the false impression that any goods or services manufactured, sold, distributed, licensed, marketed, advertised, promoted, or otherwise offered or circulated by Defendants are in any way approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with RMI or constitute or are connected with RMI's services.

6.  Directing Defendants to immediately cease all display, distribution, marketing, advertising, promotion, sale, offer for sale and/or use of any and all packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, and other materials that feature or bear any designation or mark incorporating the Infringing Marks or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of RMI's Trademarks, and to direct all distributors, retailers, wholesalers, and other individuals and establishments wherever located in the United States that distribute, advertise, promote, sell, or offer for sale Defendants' goods or services to cease forthwith the display, distribution, marketing, advertising, promotion, sale, and/or offering for sale of any and all goods, services, packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, and other materials featuring or bearing the mark Infringing Marks or any other mark that is a

counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of RMI's Trademarks, and to immediately remove them from public access and view.

7.     Directing that Defendants recall and deliver up for destruction or other disposition all uses and related materials incorporating or bearing the Infringing Marks or any other mark that is a counterfeit, copy, confusingly similar variation, or colorable imitation of RMI's Trademarks.

8.     Directing, pursuant to Section 35(a) of the Lanham Act (15 U.S.C. § 1116(a)), that Defendants file with the court and serve upon RMI's counsel within thirty (30) days after service on Defendant of an injunction in this action, or such extended period as the court may direct, a report in writing under oath, setting forth in detail the manner and form in which Defendants have complied therewith.

9.     Awarding RMI an amount up to three times the amount of its actual damages, in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)) or statutory damages for counterfeiting pursuant to 15 U.S.C. § 1117(c).

10.     Directing that Defendants account to and pay over to RMI all profits realized by its wrongful acts in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)), enhanced as appropriate to compensate RMI for the damages caused thereby.

11.     Awarding RMI punitive and exemplary damages as the court finds appropriate to deter any future willful infringement.

12.     Declaring that this is an exceptional case pursuant to Section 35(a) of the Lanham Act and awarding Plaintiff its costs and reasonable attorneys' fees thereunder (15 U.S.C. § 1117(a)).

13.     Awarding Plaintiff interest, including prejudgment and post-judgment interest, on the foregoing sums.

14.     Awarding such other and further relief as the Court deems just and proper.

////

////

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiffs hereby request a jury trial in this matter.

DATED: September 11, 2020

SMITH WASHBURN, LLP

_____/s/ Mark L. Smith_____
Mark L. Smith
*Attorney for Reflex Media, Inc. and*
*Clover8 Investments PTE. LTD.*