UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REFLEX MEDIA, INC., et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>SUCCESSFULMATCH.COM, et al.,<br><br>        Defendants. | Case No. 20-cv-06393-JD<br><br>**ORDER RE SERVICE**<br>Re: Dkt. No. 13 |

Plaintiffs Reflex Media, Inc., and Clover8 Investments PTE. LTD. (Reflex Media) operate online dating websites. Dkt. No. 1. They have sued defendants SuccessfulMatch.com (Successful Match U.S.), Successful Match Canada, Inc. (Successful Match Canada), and their founder and CEO, Qiang Du, for trademark infringement, unfair business practices, and related causes of action arising out of their operation of competing websites. *Id.*

Reflex Media requests an order under Federal Rule of Civil Procedure 4(f)(3) permitting it to serve Successful Match Canada and Du (Foreign Defendants) by email. Dkt. No. 13. It also requests permission to serve these defendants by mail and email to the Buchalter Professional Corporation (Buchalter Firm), which is the counsel of record for Successful Match U.S. in this case. *Id.* The record indicates that Reflex Media emailed a copy of the service motion to the Foreign Defendants, Dkt. No. 15, who did not file an opposition brief. After the deadline for filing an opposition lapsed, *see* Civil L.R. 7-3(a), the Buchalter Firm filed an "amicus" brief on behalf of Successful Match U.S. opposing Reflex Media's request. Dkt. No. 16. The motion is suitable for decision without oral argument, Civil L.R. 7-1(b), and is granted.

Reflex Media previously sued Du and Successful Match U.S. in the United States District Court for the District of Nevada, and the case was dismissed without prejudice for lack of personal

jurisdiction. *See Reflex Media, Inc. v. SuccessfulMatch.com*, No. 2:18-CV-00259-GMN-GWF, 2019 WL 1177962 (D. Nev. Mar. 11, 2019). These defendants were initially represented by the Buchalter Firm in that case. *See* Dkt. No. 13-3 (waiver of service for Du signed by Buchalter Firm); Dkt. No. 13-4 (same for Successful Match U.S.). After Reflex Media filed this action, it tried to serve Successful Match Canada by delivering the necessary documents to Canada's central authority for service under the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, 20 U.S.T. 361 (Hague Convention). *See* Dkt. No. 13-5 (proof of delivery); Dkt. No. 13-7 (response to request by central authority). The Canadian authority responded by saying that it could not effectuate service because Successful Match Canada's registered address was the address for a UPS store, and no one there would accept service on the company's behalf. Dkt. No. 13-7 at ECF p. 4; *see also* Dkt. No. 13-6 (Canadian government webpage showing registered address for Successful Match Canada).

Reflex Media also attempted to serve Du and Successful Match U.S. in the United States using a process server. Service was first attempted at a California address listed on Successful Match U.S.'s corporate filings, but the process server could not locate Du there or anyone else associated with Successful Match U.S. *See* Dkt. Nos. 13-8, 13-9, 13-10. Service was then attempted at an address the process server found for Du in Maryland, and a person that the process server believed to be Du accepted service. *See* Dkt. Nos. 13-11, 13-12.

A few weeks later, the Buchalter Firm reached out to Reflex Media's counsel and claimed that Du could not have accepted service in Maryland because he was in China at the time. Dkt. No. 13-13; Dkt. No. 13-14 at ECF p. 6. The Buchalter Firm agreed to accept service on behalf of Successful Match U.S., but not on behalf of the Foreign Defendants. Dkt. No. 13-14 at ECF pp. 3, 5.

The Court has some doubts about the propriety of Successful Match U.S.'s "amicus" brief opposing the service motion. Dkt. No. 16. A timely opposition could and should have been filed, and the amicus designation has the flavor of a bootstrap solution to blowing a deadline. Even so, the Court will consider it mainly in the interest of resolving the service issue and getting this case moving forward.

If there is one thing the modern rules of procedure make clear, it is that the days of playing games with service are over. *See Javier v. Kaiser Found. Health Plan Inc.*, No. 20-CV-00725-JD, 2020 WL 5630020, at *1 (N.D. Cal. Sept. 21, 2020). Rule 4(f) allows several methods of service for defendants located outside the United States. This includes methods of service authorized by the Hague Convention. Fed. R. Civ. P. 4(f)(1). Rule 4(f)(3) also allows for service "by other means" so long as it is directed by the court and is not prohibited by international agreement. *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014-15 (9th Cir. 2004). There is no hierarchy of procedures, as Successful Match U.S. suggests, that requires plaintiffs to attempt service through the Hague Convention or other means before seeking an order under Rule 4(f)(3). *Id.* Service under Rule 4(f)(3) is not a "last resort" or "extraordinary relief." *Id.* at 1015 (quoting *Forum Fin. Grp., LLC v. President, Fellows of Harvard Coll.*, 199 F.R.D. 22, 23 (D. Me. 2001)). "It is merely one means among several which enables service of process on an international defendant." *Id.* Nor is it barred by a conflict with local law. "As long as court-directed and not prohibited by an international agreement, service of process ordered under Rule 4(f)(3) may be accomplished in contravention of the laws of the foreign country." *Id.* at 1014.

This puts to rest Successful Match U.S.'s main arguments against alternative service. "It has not shown that service under Rule 4(f)(3) would violate an international agreement, and the Hague Convention is certainly no bar." *Xilinx, Inc. v. Godo Kaisha IP Bridge 1*, 246 F. Supp. 3d 1260, 1263 (N.D. Cal. 2017) (citation omitted).

Consequently, Reflex Media's motion for an order of service under Rule 4(f)(3) is granted. The only remaining question is the form of service to be ordered.

A method of service "must be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Rio Properties*, 284 F.3d at 1016 (internal quotation marks omitted). "In situations like this, service on a foreign corporation's counsel in the United States is an effective and reasonable method of service, and is not prohibited by the Hague Convention." *Xilinx*, 246 F. Supp. at 1264 (citation omitted). The Ninth Circuit has also held that court-approved service by

email is reasonable and permitted under Rule 4(f)(3) so long as the benefits of email service outweigh its limitations under the circumstances. *Rio Properties*, 284 F.3d at 1017-18.

Both alternative methods of service proposed by Reflex Media are reasonable and proper. The Buchalter firm has stated that it "does not represent" the Foreign Defendants in this case. Dkt. No. 16 at 5. But the record shows that the Buchalter Firm and Successful Match U.S. are entangled with the Foreign Defendants with respect to this lawsuit. Among other facts, the Buchalter Firm reached out *sua sponte* to tell plaintiffs that Du was in China and that their attempt to serve him in the United States may have been for naught. There is no dispute that Du is the CEO of Successful Match U.S., *see* Dkt. No. 13-8 at ECF p. 3 (corporate filing for Successful Match U.S. listing Du as CEO), and that the Buchalter Firm has previously represented Du. The effort spent by Successful Match U.S. and the Buchalter Firm to opposing the motion for service further underscores that they are far from an arm's length away from the Foreign Defendants. Consequently, service on the Buchalter Firm is reasonably calculated to notify the Foreign Defendants of this action. *See Rio Properties*, 284 F.3d at 1017.

Alternative service is all the more warranted in light of evidence that the Foreign Defendants are being less than forthright. Reflex Media has tried without success to serve Du by conventional means within the United States, and Successful Match Canada under the Hague Convention. These efforts were stymied because the Foreign Defendants did not provide valid addresses for service of process in public filings. Because the Foreign Defendants appear to be "playing hide-and-seek" with the Court, email is the most direct alternative that remains for apprising the Foreign Defendants of this suit. *Rio Properties*, 284 F.3d at 1018. And although it is often the case that "there is no way to confirm receipt of an email message," *id.*, the record indicates that Reflex Media has sent "test" emails to Du's email address, and there is no evidence that these messages were blocked or redirected. *See* Dkt. No. 13-1 ¶ 16 (Schaeffer Decl.); Dkt. Nos. 13-15, 13-16 (website registrations listing Du's email address). Consequently, serving process on Du by email is also a reasonable way of notifying him and his company, Successful Match Canada, of this suit.

4

# CONCLUSION

Service of process is ordered on the Buchalter Firm, and specifically on attorney Holbrow. Reflex Media should email the complaint to attorney Holbrow and send a hard copy by registered mail through the United States Postal Service to the Buchalter Firm's law offices. Service is also ordered on Qiang Du by email to jdawco@aol.com. This order is without prejudice to the Foreign Defendants' rights to contest the effectiveness of service in a timely motion under Rule 12(b)(5), or in another appropriate proceeding. The motion hearing on February 11, 2021, is vacated.

**IT IS SO ORDERED.**

Dated: January 27, 2021

JAMES DONATO
United States District Judge