UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REFLEX MEDIA, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SUCCESSFULMATCH.COM, et al.,<br><br>Defendants. | Case No.  20-cv-06393-JD<br><br>**ORDER RE MOTION TO DISMISS AMENDED COUNTERCLAIMS** |

In this trademark dispute between online matchmaking companies, defendants SuccessfulMatch.com and Successful Match Canada (Successful Match) alleged eleven counterclaims against trademarks owned by plaintiff Clover8 Investments and used by plaintiff Reflex Media, Inc. (RMI).  Dkt. No. 33.  The counterclaims seek cancelation of the trademarks as generic and descriptive without secondary meanings.  *Id.*  Clover8 has asked to dismiss the descriptiveness counterclaims under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  Dkt. No. 34 at ECF p. 4.  The parties' familiarity with the record is assumed, and dismissal is granted in part.

## BACKGROUND

RMI and Clover8 sued Successful Match for infringement of twelve registered trademarks owned by Clover8 and used by RMI in online dating and matchmaking websites in the "sugar dating" space.  Dkt. No. 1.  Although not spelled out in the complaint, sugar dating is typically understood to mean an arrangement between a "sugar daddy" or "sugar momma," namely an older, wealthier individual, and a "sugar baby," who is a younger, financially motivated person.  "Sugar" in this context is a euphemism for money.  The infringed trademarks are said to be:

United States District Court
Northern District of California

1. SEEKING ARRANGEMENT, Reg. No. 3,377,772, "for matchmaking services, social introduction agencies, and computer dating services." Dkt. No. 1 ¶ 19.

2. SEEKING ARRANGEMENT, Reg. No. 4,537,157, "for Internet based social networking, introduction, and dating services, matchmaking services, and social introduction agencies." *Id.* ¶ 20.

3. SEEKINGARRANGEMENT, Reg. No. 5,778,730, "for computer application software for use with mobile devices, namely, software for the purpose of accessing online dating services; downloadable software in the nature of a mobile application for internet-based dating; computer software to enable uploading, posting, displaying of images, moving images, film, video recordings, sound recordings, multimedia recordings, animations, and other digital content via global computer and communication networks; education services, namely, providing information about relationships, dating, finances, dating lifestyles, and financial lifestyles; education services, namely, the development, creation, production, and presentation of website content featuring information on topics related to relationships, dating, finances, dating lifestyles, and financial lifestyles, accessible via global computer networks; providing a website featuring blogs and non-downloadable publications in the nature of blog posts, videos, and commentary in the field(s) of beauty, fashion, health, travel, finances, advice, entertainment, as it relates to dating; education and entertainment services, namely, providing non-downloadable, online videos in the field of dating." *Id.* ¶ 22.

4. SEEKINGARRANGEMENT.COM, Reg. No. 5,357,872, "for computer dating services; Internet based social networking, introduction, and dating services; matchmaking services; and social introduction agencies." *Id.* ¶ 24.

5. SEEKING.COM, Reg. No. 5,580,788, "for matchmaking services; social introduction agencies; Internet based social networking, introduction and dating services." *Id.* ¶ 28.

6.  SEEKING, Reg. No. 4,836,358, "for computer dating services; dating services, namely, providing an on-line computer database featuring single people interested in meeting other single people; Internet based social networking, introduction, and dating services; Internet-based dating, social introduction and social networking services; matchmaking services; online social networking services accessible by means of downloadable mobile applications; online social networking services in the field of matchmaking through social events, social mixers and clubs; and web site services featuring on-line dating club." *Id.* ¶ 30.

7.  SEEKING, Reg. No. 5,580,039, "for downloadable mobile applications for internet-based dating and matchmaking; downloadable mobile applications for social media, namely, for uploading and sharing electronic files, messages, and profiles with others; downloadable mobile applications for accessing online social networking services." *Id.* ¶ 32.

8.  SEEKING MILLIONAIRE, Reg. No. 3,767,229, "for computer dating services; matchmaking services; and social introduction agencies." *Id.* ¶ 34.

9.  MUTUALLY BENEFICIAL RELATIONSHIPS, Reg. No. 3,736,566, "for dating services, Internet based social networking, introduction, and dating services." *Id.* ¶ 36.

10. RELATIONSHIP ON YOUR TERMS, Reg. No. 4,851,998, "for computer dating services; matchmaking services; and social introduction agencies." *Id.* ¶ 38.

11. MUTUALLY BENEFICIAL ARRANGEMENTS, Reg. No. 5,580,870, "for computer dating services; dating services; internet-based dating, social introduction and social networking services." *Id.* ¶ 40.

12. SA, Reg. No. 5,177,902, "for computer dating services; dating services, namely, providing an on-line computer database featuring single people interested in meeting other single people; Internet-based dating, social introduction and social networking services; Internet based social networking, introduction, and dating services; matchmaking services; online social networking services accessible by

3

means of downloadable mobile applications; online social networking services in the field of matchmaking through social events, social mixers and clubs; and web site services featuring on-line dating club." *Id.* ¶ 26.

The counterclaims challenge the validity of registrations one through eleven. Dkt. No. 33 ¶¶ 15-125. Successful Match says that all of the registrations should be canceled and declared invalid because the terms are generic, and that terms four, five, seven, ten, and eleven are also descriptive without secondary meanings. *Id.* The parties do not dispute that terms one, two, six, eight, and nine are incontestable under 15 U.S.C. § 1065, or that the registration for term ten is more than five years old and subject to the protections in 15 U.S.C. § 1064. *See* Dkt. No. 34 at ECF p. 9; Dkt. No. 37 at 2. It is also undisputed that the registrations for terms four, five, seven, and eleven have not obtained incontestable status and are less than five years old. *See id.*

### LEGAL STANDARDS

The standards governing a motion to dismiss under Rule 12(b)(6) are well-established, and are incorporated here. *See, e.g.*, *Quintessential, LLC v. Quintessential Brands S.A.*, No. 20-cv-01722-JD, 2022 WL 357502, at *1 (N.D. Cal. Feb. 7, 2022).

In an action for trademark infringement, a trademark's validity is "a threshold issue on which the plaintiff bears the burden of proof." *Yellow Cab Co. of Sacramento v. Yellow Cab of Elk Grove, Inc.*, 419 F.3d 925, 928 (9th Cir. 2005) (internal quotation omitted); *see also Inn S.F. Enter., Inc. v. Ninth Street Lodging, LLC*, No. 3:16-cv-00599-JD, 2018 WL 339098, at *2 (N.D. Cal. Jan. 9, 2018). A district court may order cancelation of registrations in actions involving registered trademarks. 15 U.S.C. § 1119; *B &B Hardware, Inc. v. Hargis Indus., Inc.*, 575 U.S. 138, 155 (2015); *Airs Aromatics, LLC v. Victoria's Secret Stores Brand Mgmt., Inc.*, 744 F.3d 595, 598-99 (9th Cir. 2014).

Trademark law organizes terms into four different categories: (1) generic, (2) descriptive, (3) suggestive, and (4) arbitrary or fanciful. *Filipino Yellow Pages, Inc. v. Asian J. Publ'ns, Inc.*, 198 F.3d 1143, 1146 (9th Cir. 1999); *see also Inn S.F.*, 2018 WL 339098, at *2. A generic term can never be a valid trademark. *Filipino Yellow Pages,* 198 F.3d at 1147. A term is generic if it is a common word or phrase that describes "a class of goods rather than an individual product."

*Japan Telecom, Inc. v. Japan Telecom Am., Inc.*, 287 F.3d 866, 872 (9th Cir. 2002) (internal quotations omitted). A descriptive term can be a valid trademark under certain circumstances. *Filipino Yellow Pages,* 198 F.3d at 1147. A term is descriptive if it defines "qualities or characteristics of a product in a straightforward way that requires no exercise of the imagination to be understood." *Entrepreneur Media, Inc. v. Smith*, 279 F.3d 1135, 1141-42 (9th Cir. 2002). A descriptive term may be protected as a valid trademark if it has acquired "secondary meaning in the minds of consumers, i.e., it has become distinctive of the trademark applicant's goods in commerce." *Filipino Yellow Pages*, 198 F.3d at 1147 (internal quotation omitted).

Registered trademarks that meet the requirements of 15 U.S.C. § 1065 are "incontestable," and may not be challenged on the ground that they are descriptive without secondary meaning. *Park 'N Fly, Inc. v. Dollar Park and Fly, Inc.*, 469 U.S. 189, 196 (1985); *see also KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.*, 408 F.3d 596, 606 (9th Cir. 2005) (a trademark "that has become incontestable is conclusively presumed to have acquired secondary meaning"). Even so, incontestable registrations are "still subject to certain defenses or defects, set forth in 15 U.S.C. § 1115," and "[n]o incontestable right can be obtained in a mark which is the generic name for the goods or services." *KP Permanent Make-Up*, 408 F.3d at 602-03. Similarly, trademarks that have been registered for more than five years cannot be canceled on descriptiveness grounds under 15 U.S.C. § 1064 irrespective of incontestable status, but may be canceled "[a]t any time" for genericness. *Id.* § 1064(3); *Park'N Fly*, 469 U.S. at 197.

## DISCUSSION

Clover8 asks to dismiss the counterclaims based on descriptiveness for terms four, five, seven, ten, and eleven. Dkt. No. 34 at ECF p. 4. As a threshold response, Successful Match says that Clover8's motion is improper under Rule 12(b)(6) because it challenges "only certain allegations" of descriptiveness within each counterclaim and ignores the allegations of genericness. Dkt. No. 37 at 8-10. Why this is an impediment to a motion to dismiss is not entirely clear, particularly since genericness and descriptiveness are independent reasons for canceling a trademark registration. *See* 15 U.S.C. §§ 1052(e), 1064(3); *see also Filipino Yellow Pages*, 198

F.3d at 1146-47 (distinguishing generic and descriptive terms).  The fact that the counterclaims are grouped under a single heading for each trademark does not bar a Rule 12(b)(6) challenge.

Dismissal is not warranted for the fourth, fifth, seventh, and eleventh counterclaims based on descriptiveness.  Clover8 says that, because some of its trademark registrations have obtained incontestable status under 15 U.S.C. § 1065, its "junior marks" that share the same salient features are "functionally incontestable" and protected against descriptiveness challenges.  Dkt. No. 34 at ECF p. 10-13.  It is true that an incontestable registration "is conclusive evidence that the mark is non-descriptive or has acquired secondary meaning," and that this presumption "extends to the most salient feature of the mark."  *KP Permanent Make-Up*, 408 F.3d at 606.  The problem for Clover8 is that it did not challenge the counterclaims based on genericness, so its incontestable and non-cancelable trademarks are still subject to challenge and invalidation as generic.  *See id.* at 602-03.  The two Ninth Circuit cases Clover8 cites determined that junior marks could not be challenged as descriptive only after finding that the incontestable marks were not generic.  *See id.* at 606; *Park 'N Fly, Inc. v. Dollar Park and Fly, Inc.*, 718 F.2d 327, 331 n.3 (9th Cir. 1983), *rev'd on other grounds*, 469 U.S. 189.  Because Clover8's senior marks could be invalidated as generic, it is appropriate at this time to dismiss the counterclaims based on descriptiveness against the junior marks.

Clover8's motion to dismiss the tenth counterclaim based on descriptiveness is granted.  The registration for the trademark RELATIONSHIP ON YOUR TERMS is more than five years old, and consequently cannot be challenged as descriptive under 15 U.S.C. § 1064(1).  *See Park 'N Fly*, 469 U.S. at 197.  The dismissal is without leave to amend because Successful Match cannot plead a descriptiveness challenge around the statutory bar.

**IT IS SO ORDERED.**

Dated:  December 6, 2022

_____
JAMES DONATO
United States District Judge