UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REFLEX MEDIA, INC., et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>SUCCESSFULMATCH.COM, et al.,<br><br>    Defendants. | Case No. 20-cv-06393-JD<br><br>**ORDER RE MOTIONS TO SEAL** |

The Court has addressed the standards for sealing requests in conjunction with case filings, *see In re Google Play Store Antitrust Litigation*, 556 F. Supp. 3d 1106 (N.D. Cal. 2021), and that decision is incorporated here. In pertinent summary, "judicial records are public documents almost by definition, and the public is entitled to access by default." *Id*. at 1107 (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006); *see also Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (when considering a request to seal, "we start with a strong presumption in favor of access to court records") (quotation omitted). The party seeking to seal a document bears the burden of articulating "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Id*. (quotation and citation omitted). General assertions of potential competitive or commercial harm are not enough to establish good cause for sealing court records, and the "fact that the parties may have designated a document as confidential under a stipulated protective order is also not enough to justify sealing." *Id*. (citation omitted)

Defendants SuccessfulMatch.com and Successful Match Canada (Successful Match) and plaintiffs Clover8 Investments and Reflex Media, Inc. (RMI) have asked to seal a number of documents filed in connection with discovery disputes. Dkt. Nos. 54, 56, 70, 74.

1   Sealing is denied across the board. The Court's specific sealing determinations are stated
2   in the attached chart. *See* Ex. A. For most of the sealing requests, no designating party filed a
3   statement in support of sealing. *See* Civ. L.R. 79-5(f)(3).
4   For the other sealing requests, plaintiffs offered only perfunctory claims that the
5   documents at issue contain confidential information that should be shielded from public view. For
6   example, they say that certain documents contain information revealing RMI's company structure,
7   operations, and profit and revenue. Dkt. No. 76 at 2-3. But plaintiffs fail to explain beyond
8   conclusory statements why they will suffer competitive harm if this information is disclosed. *See,*
9   *e.g.*, *id.* (stating RMI's confidential information "could be used by [RMI]'s competitors to gain an
10  unfair advantage against it"). "Such conclusory and unsupported formulations, which for example
11  do not explain how a competitor would use the information to obtain an unfair advantage, are
12  insufficient for sealing." *DZ Reserve v. Facebook, Inc.*, No. 3:18-cv-04978-JD, 2021 WL 75734,
13  at *1 (N.D. Cal. Jan. 8, 2021).
14  Consequently, the "'default posture of public access prevails,'" and the sealing requests are
15  all denied. *In re Google Play*, 556 F. Supp. 3d at 1108 (quoting *Kamakana*, 447 F.3d at 1182).
16  The parties are directed to file unredacted versions of the documents by July 31, 2023. Civ. L.R.
17  79-5(g).
18  **IT IS SO ORDERED.**
19  Dated: July 24, 2023

JAMES DONATO
United States District Judge

2

**Exhibit A to Order re Motions to Seal**

| Document | Information sought to be sealed | Proffered reason for sealing | Ruling |
|---|---|---|---|
| Plaintiffs' Response to Defendants' Discovery Dispute Letter, Dkt. No. 54-1 | Highlighted portions of ECF page 3 | Contains information designated by defendants as confidential – attorneys' eyes only. (*See* Dkt. No. 54 at 2) | **Denied.** No designating party filed a statement or declaration in support of sealing. |
| Plaintiffs' Letter Brief, Dkt. No. 56-1 | Highlighted portion of page 2 | Contains information designated by defendants as confidential – attorneys' eyes only. (*See* Dkt. No. 56 at 3) | **Denied.** No designating party filed a statement or declaration in support of sealing. |
| Plaintiffs' Motion for Sanctions, Dkt. No. 70-3 | Highlighted portions of pages 1-15 | Contains information designated by defendants as confidential – attorneys' eyes only. (*See* Dkt. No. 70 at 2) | **Denied.** No designating party filed a statement or declaration in support of sealing. |
| Plaintiffs' Proposed Order Granting Sanctions, Dkt. No. 70-4 | Highlighted portions of pages 2-3 | Contains information designated by defendants as confidential – attorneys' eyes only. (*See* Dkt. No. 70 at 2) | **Denied.** No designating party filed a statement or declaration in support of sealing. |
| Exhibit 4 to Smith Decl. ISO Plaintiffs' Motion for Sanctions, Dkt. No. 70-5 | Entire exhibit | Contains information designated by defendants as confidential – attorneys' eyes only. (*See* Dkt. No. 70 at 2) | **Denied.** No designating party filed a statement or declaration in support of sealing. |
| Exhibit 6 to Smith Decl. ISO Plaintiffs' Motion for Sanctions, Dkt. No. 70-6 | Entire exhibit | Contains information designated by defendants as confidential – attorneys' eyes only. (*See* Dkt. No. 70 at 2) | **Denied.** No designating party filed a statement or declaration in support of sealing. |

| Document | Information sought to be sealed | Proffered reason for sealing | Ruling |
|---|---|---|---|
| Exhibit 7 to Smith Decl. ISO Plaintiffs' Motion for Sanctions, Dkt. No. 70-7 | Entire exhibit | Contains information designated by defendants as confidential – attorneys' eyes only. (*See* Dkt. No. 70 at 2) | **Denied.** No designating party filed a statement or declaration in support of sealing. |
| Exhibit 8 to Smith Decl. ISO Plaintiffs' Motion for Sanctions, Dkt. No. 70-8 | Entire exhibit | Contains information designated by defendants as confidential – attorneys' eyes only. (*See* Dkt. No. 70 at 2) | **Denied.** No designating party filed a statement or declaration in support of sealing. |
| Exhibit 11 to Smith Decl. ISO Plaintiffs' Motion for Sanctions, Dkt. No. 70-9 | Entire exhibit | Contains information designated by defendants as confidential – attorneys' eyes only. (*See* Dkt. No. 70 at 2) | **Denied.** No designating party filed a statement or declaration in support of sealing. |
| Exhibit 14 to Smith Decl. ISO Plaintiffs' Motion for Sanctions, Dkt. No. 70-10 | Entire exhibit | Contains information designated by defendants as confidential – attorneys' eyes only. (*See* Dkt. No. 70 at 2) | **Denied.** No designating party filed a statement or declaration in support of sealing. |
| Exhibit 21 to Smith Decl. ISO Plaintiffs' Motion for Sanctions, Dkt. No. 70-11 | Entire exhibit | Contains information designated by third-party as confidential. (*See* Dkt. No. 70 at 2) | **Denied.** No designating party filed a statement or declaration in support of sealing. |
| Exhibit 22 to Smith Decl. ISO Plaintiffs' Motion for Sanctions, Dkt. No. 70-12 | Entire exhibit | Contains information designated by defendants as confidential – attorneys' eyes only. (*See* Dkt. No. 70 at 2) | **Denied.** No designating party filed a statement or declaration in support of sealing. |

| Document | Information sought to be sealed | Proffered reason for sealing | Ruling |
|---|---|---|---|
| Defendants' Opposition to Plaintiff's Motion for Sanctions (Dkt. No. 74-6) | Information related to confidential exhibits | Contains non-public information related to RMI's business structure and profits. (*See* Dkt. No. 76 at 4) | **Denied.** Plaintiffs propose to seal certain redacted portions of pages 7, 8 and 13, but plaintiffs do not adequately explain how disclosure of their business structure and profits would cause competitive harm. |
| Exhibit 2 ISO Defendants' Opposition to Plaintiff's Motion for Sanctions (Dkt. No. 74-2) | Excerpts | Contains information designated by plaintiffs as confidential – attorneys' eyes only. (*See* Dkt. No. 74 at 2; Dkt. No. 74-2 at 2) | **Denied.** Plaintiffs did not ask to seal this material in their response. (*See* Dkt. No. 76 at 1-4) |
| Exhibit 3 ISO Defendants' Opposition to Plaintiff's Motion for Sanctions (Dkt. No. 74-3) | Entire document | Contains non-public information related to RMI's marketing and advertising spend. (*See* Dkt. No. 76 at 1) | **Denied.** Plaintiffs propose to seal a redacted portion of page 6. Plaintiffs do not adequately explain how disclosure of their marketing and advertising spend would cause competitive harm. |
| Exhibit 4 ISO Defendants' Opposition to Plaintiff's Motion for Sanctions (Dkt. No. 74-4) | Excerpts | Contains non-public information related to RMI's profit margin, revenues, cashflows, and business structure and operations. (*See* Dkt. No. 76 at 3) | **Denied.** Plaintiffs propose to seal redacted portions of pages 4, 32, 34-41, 45-46, 80-82, 49 (ECF page 26), *see* Dkt. No. 76-2. Plaintiffs do not adequately explain how disclosure of profit margin, revenues, cashflows, and business structure and operations would cause competitive harm. |
| Exhibit 6 ISO Defendants' Opposition to Plaintiff's Motion for Sanctions (Dkt. No. 74-5) | Excerpts | Contains non-public information related to RMI's business structure and operations. (*See* Dkt. No. 76 at 4) | **Denied.** Plaintiffs do not adequately explain how the disclosure of its structure and operations would cause competitive harm. |