UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REFLEX MEDIA, INC., et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>SUCCESSFULMATCH.COM, et al.,<br><br>    Defendants. | Case No. 20-cv-06393-JD<br><br>**SECOND ORDER RE SEALING** |

    In this trademark dispute between rival online matchmaking companies, the parties have filed several Administrative Motions to Consider Whether Another Party's Material Should Be Sealed pursuant to Civil Local Rule 79-5(f). *See* Dkt. Nos. 117, 121, 125, 130, 133, 135, 140, and 142. Only defendant Successful Match filed responses requesting sealing of its designated materials. *See* Dkt. Nos. 123 & 144. Sealing is granted in part.

    Because Successful Match asks to seal materials filed in connection with a motion for summary judgment and motions to exclude experts, it must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *In re Google Play Store Antitrust Litig.*, 556 F. Supp. 3d 1106, 1107 (N.D. Cal. 2021) (quoting *Kamakana v. City & Cnty. of Honolulu,* 447 F.3d 1172, 1178-79 (9th Cir. 2006)) (internal quotation marks omitted). *See also CZ Servs., Inc. v. Express Scripts Holding Co.*, No. 18-cv-04217-JD, 2020 WL 4519006, at *2 (N.D. Cal. Aug. 5, 2020) (compelling reasons test applies to *Daubert* motions filed in connection with summary judgment motion) (citing *In re Midland Nat'l Life Ins. Annuity Sales Practices Litig.*, 686 F.3d 1115 (9th Cir. 2012)).

    Successful Match asks to seal exhibits 21, 26, 27, 28, 30, 34, 35, and 47 to Reflex Media's motion for summary judgment, on the ground that these documents contain personally identifying information of its contractors and customers. Dkt. No. 123. The Court provisionally grants

sealing, but only as to last names, account numbers, and PII such as email addresses (not email domains).  Reflex Media will file a revised public version of its motion and exhibits with those narrow redactions.

Successful Match also asks to seal two expert reports on the ground that they reference confidential financial information about the company that could subject it to competitive harm.  *See* Dkt. No. 123 at 4-5.  It asks to seal an exhibit containing revenues associated with certain of its websites for the same reason.  Dkt. No. 144.

These requests are denied.  The Court previously denied similar sealing requests from the plaintiff in this case because "conclusory and unsupported formulations, which for example do not explain how a competitor would use the information to obtain an unfair advantage, are insufficient for sealing."  Order re Motions to Seal, No. 20-cv-06393-JD, at 2 (N.D. Cal. July 24, 2023) (Dkt. No. 85) (quoting *DZ Reserve v. Facebook, Inc.*, No. 18-cv-04978-JD, 2021 WL 75734, at *1 (N.D. Cal. Jan. 8, 2021)).  In a similar manner, Successful Match offers only vague and conclusory statements to the effect that information has "great value" to the company only if "not known to the public of Defendant's competitors," which is attorney *ipse dixit* unsupported by any actual evidence of concrete harm.  Dkt. No. 123 at 5; *see* Dkt. No. 144 at 2 (similar).  That will not do to deny the public's right of access to the docket.

For the remaining sealing motions, and the other provisionally sealed exhibits not substantively addressed in this order, no designating party filed any statement in support of sealing.  *See* Civ. L.R. 79-5(f)(3).  Consequently, the "'default posture of public access prevails.'" *In re Google Play Store*, 556 F. Supp. 3d at 1108 (quoting *Kamakana*, 447 F.3d at 1182).

The parties are directed to file by January 23, 2024, revised public versions of all previously sealed motions and exhibits consistent with this order.

**IT IS SO ORDERED.**

Dated: January 16, 2024

_____
JAMES DONATO
United States District Judge