UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REFLEX MEDIA, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> SUCCESSFULMATCH.COM, et al., <br><br> Defendants. | Case No. 20-cv-06393-JD <br><br> **ORDER RE JUDGMENT ON THE PLEADINGS** |

In this trademark dispute between online matchmaking companies, plaintiff Reflex Media, Inc. asks to dismiss counterclaims brought by defendants SuccessfulMatch.com and Successful Match Canada (Successful Match), pursuant to Federal Rule of Civil Procedure 12(c). Dkt. No. 87. The counterclaims seek cancellation of Reflex Media's trademark registrations on the ground that the marks are generic or descriptive without secondary meaning. Dkt. No. 33. Reflex Media previously moved to dismiss the same counterclaims under Rule 12(b)(6), and the Court largely denied the motion on December 6, 2022, primarily because it failed to challenge the allegations of genericness. Dkt. Nos. 34, 65. After an eight-month silence, Reflex Media has asked again for dismissal under Rule 12(c), advancing legal arguments that have been available to it since April 2021. *See* Dkt. No. 33 (amended counterclaims).

Dismissal is denied. "Rule 12(c) provides that '[a]fter the pleadings are closed -- but early enough not to delay trial -- a party may move for judgment on the pleadings.'" *Broadcom Corp. v. Netflix Inc.*, --- F. Supp. 3d ---, No. 20-cv-04677-JD, 2023 WL 3958361, at *3 (N.D. Cal. June 12, 2023) (quoting Fed. R. Civ. P. 12(c)). Reflex Media waited until the eleventh hour, and well after the close of all discovery, to ask for a dismissal. *See* Dkt. No. 69. The motion was noticed for hearing after the dispositive motion cut-off date, *see id.*, and a favorable ruling would require an

amended scheduling order to permit amendment, and a new trial date.  None of this was based on good cause or a good reason for delay.

It is also worth noting that, practically speaking, dismissal at this late stage would be a non-event.  All Successful Match would need to do is amend its claims to reference the evidence of genericness it has marshalled during discovery.  *See Enron Oil Trading & Transp. Co. v. Walbrook Ins. Co.*, 132 F.3d 526, 529 (9th Cir. 1997) ("Judgment may only be granted when the pleadings show that it is beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.") (internal citation and quotation marks omitted).  Other courts in our circuit have also concluded that a Rule 12(c) motion should be denied when discovery is substantially complete.  *See*, *e.g.*, *Est. of Rodriguez v. City of Long Beach*, No. 18-cv-07522-CAS, 2020 WL 292179, at *2 (C.D. Cal. Jan. 21, 2020).

**IT IS SO ORDERED.**

Dated: January 16, 2024

JAMES DONATO
United States District Judge