UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REFLEX MEDIA, INC., et al., | Case No. 20-cv-06393-JD |
| Plaintiffs, | |
| v. | **PRETRIAL ORDER** |
| SUCCESSFULMATCH.COM, et al., | |
| Defendants. | |

A jury trial is set for Tuesday, August 19, 2025, and will be conducted under these procedures and rulings.

## I.    SCHEDULE AND TIME LIMITS

1. The trial days are Monday through Thursday. Fridays are generally reserved for the Court's other matters but will be used if the case is ready for closing, the jury is deliberating, or the Court so orders.

2. Trial will be held from 9:00 a.m. to approximately 2:30 p.m. each trial day, with two twenty-minute breaks and no lunch recess. Counsel must be in the courtroom and prepared to proceed no later than 8:30 a.m. on each trial day.

**3.** Each side will have 7 hours total for all witness examinations, including cross-examinations. Each party will have an additional 30 minutes for opening statements and 30 minutes for closing arguments. The Courtroom Deputy, Ms. Lisa Clark, will have the final word on the time count.

## II.    VOIR DIRE & JURY SELECTION

1. The Court will seat 8 jurors.

2. The Court uses the "strike and replace" method for jury selection, as discussed during the pretrial conference.  The Court will conduct the voir dire based on its practice and questions proposed by the parties.

3. The Court will post the proposed voir dire questions by Friday, August 15, 2025.  Any concerns will be taken up on Tuesday, August 19, 2025, before the jury pool is called in.

4. Each side will have challenges for cause and three peremptory challenges.  *See* 28 U.S.C. § 1870.  A prospective juror not excused after a round of challenges will be deemed a member of the jury and may not subsequently be challenged.

5. The parties must be prepared to give their opening statements and begin presenting witnesses on Tuesday, August 19, 2025.

## III.    TRIAL PROCEDURES

1. **Jury notebooks**.  Jurors will be permitted to take notes.  The parties will jointly prepare jury notebooks and bring 9 copies to court on August 19, 2025.  The notebooks should be in the form of 1.5" 3-ring binders that have a plastic cover sleeve with a caption page (stating the case name and number) and include the following materials:

   a. 50 pages of blank lined paper.

   b. A tab for witness photos.  The jury will be provided a color photo (a headshot) of each witness just before that witness takes the stand.  The party calling the witness is responsible for providing the Courtroom Deputy with 11 three-hole punched copies of each photo.  The Courtroom Deputy will distribute the photos.  The witness must appear exactly the same in the photo as they appear on the witness stand (*e.g.*, same clothing, hairstyle, eyewear, etc.).  The photo will include the witness's name in size-16 font, and nothing else.

   c. Tabs for Preliminary and Final Jury Instructions.

2. **Jury questions**.  The jury will be permitted to ask questions of witnesses.  The Court will provide a written form for the questions, which the Court will screen before asking.

United States District Court
Northern District of California

2

United States District Court
Northern District of California

3. **Sidebars**.  There will be no sidebars during trial.  The parties should not ask for one.

4. **Motions**.  No motions may be filed during trial without prior approval by the Court.

5. **Objections**.  Counsel must stand to state any objections and should do so by simply stating the basis of the objection.  No argument or elaboration may be made unless called for by the Court.

6. **Witness call**.  Each party must have its witnesses for the trial day available in the courthouse and ready to testify.  Failure to have the next witness ready or to be prepared to proceed with the introduction of evidence will constitute resting.

7. **Presentation of witnesses**.  Witnesses will be put on the witness stand only once.  For example, if plaintiffs call a witness whom defendants also intend to call, defendants' direct examination of the witness will follow plaintiffs' examination of the witness.  Neither party may put the witness on again for the presentation of their case to the jury.

8. **Presentation of expert witnesses**.  In addition to the above rules, experts who will be opining on the same topic will be put on the witness stand consecutively on the same day, regardless of whose expert the witness is, to the extent practicable.  For example, if plaintiffs call their expert witness who will opine on consumer confusion on a Wednesday, defendants should expect to call their rebuttal expert witness(es) immediately thereafter, not on a later date.  The parties should meet and confer regarding a proposal for consolidating the presentation of expert witnesses to the jury.

9. **Witness disclosure**.  A party must disclose the identity of the witnesses it plans to call -- as well as the exhibits to be used during the direct examination of any witness -- by 3:00 p.m. two calendar days before calling the witness to the stand.  Any party that has an objection must alert the Court as soon as possible, but no later than the end of the day before any witness is to be called.  The Court will take up any objections outside the presence of the jury.

## IV.    JURY INSTRUCTIONS & VERDICT FORMS

1.  The parties are directed to file by 12:00 p.m. California time on August 12, 2025, a joint set of proposed preliminary and final jury instructions, which are separate documents.  The Court will not give instructions that deviate from the California or Ninth Circuit model instructions, and will consider custom instructions only if a form instruction is not available.  The parties will follow to the letter the content and form of the ensuing exemplars, adapted only the facts of this case:

    a.  *Frasco v. Flo Health, Inc.*, Case No. 21-cv-00757, Dkt. No. 728 (preliminary instructions); Dkt. No. 744 (final instructions)

2.  The parties will file by the same deadline a joint revised verdict form.  The parties must follow the format of the ensuing exemplars, adapted only to the facts of this case:

    a.  *Frasco v. Flo Health, Inc.*, Case No. 21-cv-00757, Dkt. No. 745

    b.  *In re Google Play Store Antitrust Litig.*, Case No. 21-md-02981, Dkt. No. 861

## V.    EVIDENTIARY RULINGS

Defendants' request to exclude the opinions of plaintiffs' putative expert, Jonathan Hochman, under Federal Rule of Evidence 702 and related cases is denied.  Despite several invitations by the Court at the pretrial conference, defendants did not demonstrate or explain how Hochman's opinions were unreliable such that they amounted to no more than "junk science." *Klein v. Meta Platforms, Inc.*, 766 F. Supp. 3d 956, 960 (N.D. Cal. 2025).  Challenges to the veracity of the documents on which Hochman's opinions rest plainly go to weight, not admissibility.  *See Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.*, 738 F.3d 960, 969 (9th Cir. 2013) (noting that courts should "not exclude opinions merely because they are impeachable"). Objections to specific opinions or testimony given at trial may be raised as circumstances warrant.

The motions in limine were resolved as stated during the conference.  The ensuing list summarizes the dispositions.

1.  **Plaintiffs' MIL No. 1: Granted in principle**.  The legal definition of a generic name or term under the Lanham Act is well established and "refer[s] to 'the genus of which the particular product or service is a species,' *i.e.*, the name of the product or service

4

itself." *Advertising.com, Inc. v. AOL Advertising, Inc.*, 616 F.3d 974, 977 (9th Cir. 2010) (citation omitted).  Evidence or argument that suggests otherwise is irrelevant, misleading, and likely to confuse the jury.  *See* Fed. R. Evid. 401, 403.  The Court will take up objections at trial on as-made basis.

2. **Plaintiffs' MIL Nos. 2-8**: **Resolution deferred to trial**.  Defendants may tender the evidence at trial, subject to an adequate foundation, and the Court will take up any objections on as-made basis.  With respect to plaintiffs' MIL Nos. 6-8, the parties are advised that the Court will likely allow little leeway on either side out of concern for avoiding prejudice, jury confusion, and a waste of time.  *See* Fed. R. Evid. 403.

3. **Defendants' MIL No. 1: Granted**.  No party may introduce evidence of, or refer to, the *Reflex Media, Inc. et al. v. Luxy Limited* litigation or other judicial proceedings involving plaintiffs' asserted marks.  *See* Fed. R. Evid. 401, 403.

4. **Defendants' MIL No. 2: Resolution deferred to trial**.

**IT IS SO ORDERED.**

Dated: August 8, 2025

_____
JAMES DONATO
United States District Judge