Mark L. Smith (SBN 213829)
Jacob L. Fonnesbeck (SBN 304954)
**SF FIRM, LLP**
500 South Grand Avenue, Suite 1450
Los Angeles, CA 90071
Telephone: (213) 418-2390
msmith@sffirm.com
jfonnesbeck@sffirm.com

Patrick T. Hein (SBN 254431)
Petar D. Nalbantov (SBN 351892)
**ALLEN OVERY SHEARMAN STERLING US LLP**
140 New Montgomery Street, 10th Floor
San Francisco, CA 94105
Telephone: (415) 616-1218
patrick.hein@aoshearman.com
petar.nalbantov@aoshearman.com

Saul H. Perloff (SBN 157092)
**ALLEN OVERY SHEARMAN STERLING US LLP**
300 W. 6th Street, Suite 2250
Austin, TX 78701
Telephone: (512) 647-1970
saul.perloff@aoshearman.com

Attorneys for Plaintiffs REFLEX MEDIA, INC., and CLOVER8 INVESTMENTS PTE LTD.

Willmore F. Holbrow III (SBN: 169688)
Matthew L. Seror (SBN: 235043)
Glenn P. Zwang (SBN: 112295)
**BUCHALTER, A Professional Corporation**
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-1730
Telephone: 213.891.0700
Fax: 213.896.0400
Email: wholbrow@buchalter.com

Attorneys for Defendants SUCCESSFULMATCH.COM, a California corporation; SUCCESSFUL MATCH CANADA, INC., a Canadian corporation; and QIANG DU, an individual

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REFLEX MEDIA, INC., *et al.*,<br><br>    Plaintiffs/Counterclaim-Defendants,<br><br>v.<br><br>SUCCESSFULMATCH.COM, a California corporation, *et al.*,<br><br>    Defendants/Counterclaim-Plaintiffs. | Case No. 3:20-cv-06393-JD<br><br>**JOINT SUBMISSION: DEFENDANTS' OBJECTIONS TO PLAINTIFFS' OPENING DEMONSTRATIVES; PLAINTIFFS' RESPONSE.**<br><br>Hon. James Donato<br>Trial Date: August 19, 2025 |

The parties, by and through their counsel of record, respectfully submit the following joint brief setting forth Defendants' objections Plaintiffs' opening demonstratives, together with Plaintiffs' response thereto. All of the slides which are the subject of this submission are attached collectively as **Exhibit "A."**

**Slides 24 and 25**.

Defendants object to slides 24 and 25 to Plaintiffs' Powerpoint, which references Plaintiffs' calculations of Defendants' revenue. The revenue of Defendants is not relevant to any issue to be tried to the jury in this case. The support for this information is questionable and has not been admitted. The presentation in its opening statement as to the amount of money earned, or paid out, by Defendants is intended to enflame the jury based on the sheer size of the revenue. But the jury is not being asked to make an award of damages in this case, and therefore the reference to Defendants' revenues or the amount of money that flowed in or out of a Paypal account does not aid the jury in making any of the factual determinations it will be called upon to make in this case. These slides, and the information contained therein, should be excluded as irrelevant and under Federal Rule of Evidence 403 as this information is not probative of any jury question, support for that information has not been admitted, and is highly prejudicial and is likely to needlessly confuse the jury. Moreover, the introduction of this information in an opening statement may needlessly complicate the matters to be tried and require the parties to offer evidence and testimony to further explore these issues. The inclusion of such issues could extend the time needed for the jury portion of this case.

**Slides 38-42**[1]

Defendants object to slides 38-42, which contain images of text messages between two individuals, neither of whom will be called to testify in this matter. The images (and the text messages they display) are hearsay because they are being offered for the truth of the matter asserted. These messages are not business records and no other hearsay exception applies. The messages do not qualify as business records of Defendants. Nor is there any basis for the assertion that the co-conspirator exception to the hearing exception applies. Plaintiff has offered no evidence that the participants in

---

[1] Defendants have offered objections to these documents in the parties joint disputed Exhibit list.

these messages (identified by a single name in the original messages) are co-conspirators. While Plaintiffs may attempt to offer that argument to the jury, the inclusion of these messages in an opening statement is inappropriate until that foundation has been laid.

Moreover, these images should be excluded under Federal Rule of Evidence 403. Any probative value of these messages is far outweighed by the risk of prejudice to Defendants. Without the proper context, these messages will almost certainly be viewed by the jury as messages originating with an employee of Defendants or Mr.Du himself. Plaintiffs' try to foster that confusion given the titles of these slides, ""SM Gave Affiliates…" or "SM Told Affiliates …."

Finally, the images of the messages are not even complete, which further increases the prejudicial risk to the Defendants. For example, on Slide 41, Plaintiffs include the English translation of a message, "Nowadays be sure not to use infringing words or trademarks ot things like that when you do ads." Plaintiffs' slide omits the very next messages, "Not using, now. Can't afford it." In response, the unknown sender says, "Either way, absolutely may not use them, including other brands." To which a response of "Ok." Is made. Plaintiffs' failure to include the full content of these messages (especially when the original messages are in Chinese and may not be understood by the jury absent a translation) further increases the prejudice to Defendants. See also slide 40. Plaintiffs' slide includes a translation: "I found this. This type for sure infringed." Plaintiffs omit the response, "It is not mine." Finally, slide 38 is offered without any English translation at all.

Insofar, insofar as no participant in these messages will be called as a witness at trial, Plaintiffs will be unable to lay the proper foundation for the underlying documents that are pictured on these slides.

## II.     Plaintiffs' Responses to Defendants' Objections

Plaintiffs Reflex Media, Inc. and Clover8 Investments Ptd. Ltd. ("Plaintiffs") hereby respond to Defendants Qiang (Jason) Du and SuccessfulMatch.com ("Defendants") objections to Plaintiffs' demonstrative slides for their opening presentation.

**Slide Nos. 24 and 25:** These slides reflect financial data produced by Defendants. Slide 24 is an accurate summary of Jason Du Dep. Ex. 31, a short revenue spreadsheet created by SuccessfulMatch.com

and produced to Plaintiffs as part of this litigation. *See* Du Dep. 202:23-24 ("it would be a documents that I provided to my attorney). Slide 25 is an image of Mr. Du's personal PayPal account, produced and authenticated by PayPal in response to a subpoena, and used during Ms. Li's deposition. Notably, Mr. Du confirmed that while his "PayPal account is my personal PayPal account," nevertheless "it has been 100 percent used by SuccessfulMatch." Jason Du Dep. Vol. 1 (Mar. 1, 2023) at 35:1-3.

As Defendants' own admissions against interest, the information in slides 24 and 25 are admissible. And while the jury will not decide damages in this case, the information presented is relevant to issues the jury *will* decide, including intent and willfulness. Here, both slides 24 and 25 reflect that Mr. Du and SuccessfulMatch.com have benefited financially during the years that they were infringing Plaintiffs' service marks. Such personal and corporate financial gain, at Plaintiffs' expense, goes to show both that Plaintiffs were *injured* by Defendants' infringement through diversion of customers and sales, and also will help to prove that Defendants acted willfully and with intent.

The information in slide nos. 24 and 25 is accurate, came either directly from the Defendants or from a subpoenaed third party, and pertain to relevant, disputed issues the jury will decide.

**Slide Nos. 38-42**: Taken from Jason Du. Dep. Ex. 37, slide nos. 38-42 are images and translations of text messages from the phone of Mr. Tim Eastwood, SuccessfulMatch.com's "coordinator." Jason Du Dep. Vol. 2 (Mar. 22, 2023) at 188:5-20 (describing Mr. Eastwood's duties as SuccessfulMatch.com's coordinator); *id.* at 237:16-25 (testifying regarding source of Dep. Ex. 37). The images were produced by SuccessfulMatch.com with bates numbers SM01221-01236, and were specifically identified by SuccessfulMatch.com as responsive to the following requests:

**REQUEST FOR PRODUCTION NO. 70**:

All DOCUMENTS concerning efforts to remove any content (advertisements, web content, apps, etc.) that infringes on any other PERSON's trademarks, including Plaintiffs' TRADEMARKS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

Responding Party objects to this Request as overbroad, compound and to the extent it seeks documents protected by the attorney client work product or attorney client privilege. Responding Party object to this Request as overbroad in time and scope, particularly to the extent it seeks documents unrelated to the alleged infringement which is the subject of this action. Subject to the foregoing objections and the Preliminary Statement set forth above,

>Responding Party responds as follows: Responding Party will produce responsive, non-privileged documents that can be located in in its possession, custody or control. *See* **SM01221-01236**; SM01308-01317.

SuccessfulMatch.com's Second Suppl. Resp. to Fourth Set of RFPs at 5-6 (final emphasis added).

Defendants' foundation objections are non-starters. *See Maljack Prods., Inc. v. GoodTimes Home Video Corp.*, 81 F.3d 881, 889 n. 12 (9th Cir.1996) (documents produced by a party in discovery were deemed authentic when offered by the party-opponent); *Snyder v. Whittaker Corp.*, 839 F.2d 1085, 1089 (5th Cir.1988) (same); 31 Federal Practice & Procedure: Evidence § 7105, at 39 ("Authentication can also be accomplished through judicial admissions such as ... production of items in response to ... [a] discovery request.").

Defendants' hearsay objections fare no better. "Under Federal Rule of Evidence 801(d)(2)(D), a statement is not hearsay and may be admitted against an opposing party if the statement 'was made by the party's agent or employee on a matter within the scope of that relationship and while it existed.'" *Weil v. Citizens Telecom Servs. Co., LLC*, 922 F.3d 993, 999 (9th Cir. 2019); *see also Anand v. BP W. Coast Prods. LLC*, 484 F. Supp. 2d 1086, 1092 n.11 (C.D. Cal. 2007) ("Documents produced in response to discovery requests are admissible on a motion for summary judgment since they are self-authenticating and constitute the admissions of a party opponent."); Fed. R. Evid. 801(d)(2) (B)-(E); *accord, BP Expl. & Prod. Inc. v. Cashman Equip. Corp.*, No. 13-cv-3046, 2016 WL 1387907, at *16 (S.D. Tex. Apr. 8, 2016) ("as a matter of law the documents . . . produced in response to discovery requests, such as the emails, are admissible as admissions of a party opponent and/or as business records under the Rule 801(d), and as Rule 806(6) exceptions to the hearsay rule"); *Arch. Iron Workers Local No. 63 Welfare Fund v. Un. Contractors, Inc.*, 46 F. Supp. 2d 769, 772 (N.D. Ill. 1989) ("[D]ocuments produced by Defendants contain Defendants' own statements and are admissions, not hearsay.").

Here, Mr. Eastwood was acting on SuccessfulMatch.com's behalf when he sent the text messages to his colleagues and subordinates, telling them to stop infringing. Defendants adopted those admissions when they produced them to Plaintiffs, specifically identifying them as responsive to RFP No. 70. The slides are neither inadmissible nor unfairly prejudicial, and Defendants' objections should be overruled.

|   |   |   |
|---|---|---|
| 1 | Respectfully submitted, | |
| 2 | DATED: August 18, 2025 | **Allen Overy Shearman Sterling US LLP** |
| 3 | | /s/ Saul Perloff |
| 4 | | Mark L. Smith (SBN 213829) |
| 5 | | Jacob L. Fonnesbeck (SBN 304954)<br>SF FIRM, LLP |
| 6 | | 500 South Grand Avenue, Suite 1450<br>Los Angeles, CA  90071 |
| 7 | | Telephone:  (213) 418-2390<br>msmith@sffirm.com |
| 8 | | jfonnesbeck@sffirm.com |
| 9 | | Patrick T. Hein (SBN 254431) |
| 10 | | Petar D. Nalbantov (SBN 351892)<br>ALLEN OVERY SHEARMAN STERLING US LLP |
| 11 | | 140 New Montgomery Street, 10th Floor<br>San Francisco, CA  94105 |
| 12 | | Telephone:  (415) 616-1218<br>patrick.hein@aoshearman.com |
| 13 | | petar.nalbantov@aoshearman.com |
| 14 | | Saul H. Perloff (SBN 157092)<br>ALLEN OVERY SHEARMAN STERLING US LLP |
| 15 | | 300 W. 6th Street, Suite 2250<br>Austin, TX  78701 |
| 16 | | Telephone:  (512) 647-1970<br>saul.perloff@aoshearman.com |
| 17 | | *Attorneys for Plaintiffs* |
| 18 | DATED: August 18, 2025 | **BUCHALTER, A Professional Corporation** |
| 19 | | |
| 20 | | /s/ Willmore F. Holbrow |
| 21 | | Willmore F. Holbrow III (SBN: 169688) |
| 22 | | Matthew L. Seror (SBN: 235043)<br>Glenn P. Zwang (SBN: 112295) |
| 23 | | BUCHALTER, A Professional Corporation<br>1000 Wilshire Boulevard, Suite 1500 |
| 24 | | Los Angeles, CA 90017-1730<br>Telephone: 213.891.0700 |
| 25 | | Fax: 213.896.0400 |
| 26 | | Email: wholbrow@buchalter.com |
| 27 | | *Attorneys for Defendants* |
| 28 | | |

# EXHIBIT "A"



SM's Revenue (2014 to January 2023)

MillionaireMatch $ | SugarDaddyMeet $ | Combined $



# Text Messages From Tim Eastwood, SM's Staffing Coordinator







# SM Told Affiliates "Nowadays" Not to Infringe Reflex Media Trademarks



TX 1772.0033, .0017

# SM Told Affiliates to Clean Up the Websites

